## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## Civil Action No. 1:21-CV-00341-TDS-JEP

|  |  |
|---|---|
| DAVID DUGAN, *on behalf of himself and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| NATIONSTAR MORTGAGE LLC, and ACI WORLDWIDE, CORP., | ) ) ) |
| Defendants. | ) ) ) ) |

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR PURPOSE OF SETTLEMENT, DIRECTING <u>NOTICE TO THE CLASS, AND SCHEDULING FAIRNESS HEARING</u>

Plaintiff and Defendants (collectively "the Parties") entered into a Settlement Agreement (the "Settlement Agreement"), subject to Court approval, to settle this litigation and other related lawsuits (the "Litigation") and file this Memorandum in Support of the Unopposed Motion for Preliminary Approval of the Proposed Settlement ("Motion for Preliminary Approval"). The Settlement Agreement sets the terms and conditions for settlement and dismissal of the Litigation. Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiff respectfully seeks an order (i) preliminarily approving the Settlement Agreement; (ii) provisionally certifying the Class

and appointing the Class Representatives and Class Counsel; (iii) approving the notice and authorizing dissemination to the Members of the Class; and (iv) setting dates and procedures for the fairness hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Plaintiffs brought various lawsuits against ACI Payments, Inc., ACI Worldwide Corp., and ACI Worldwide, Inc. (collectively "ACI") and Nationstar Mortgage LLC d/b/a Mr. Cooper Group ("Nationstar") (collectively ACI and Nationstar are "Defendants") due to alleged unauthorized Automated Clearinghouse ("ACH") activity related to the April 23-26, 2021 ACH incident (the "Incident") as alleged in the various complaints. The Settlement provides benefits to approximately 480,000 affected accounts of customers of Nationstar.

### B. Procedural Background

On or about April 30, 2021, Plaintiff David Dugan filed this initial action. Subsequently, additional plaintiffs pursued similar cases against Defendants in other venues. Below is a table identifying all of the actions.

| Case Name | Case No. | District Court | Date Filed |
|---|---|---|---|
| *Dehner v. Nationstar Mortgage LLC, et al.* | 1:21-cv-011460 | ED MI | June 21, 2021 |

| | | | |
|---|---|---|---|
| *Devereaux v. Nationstar Mortgage LLC, et al.* | 5:21-cv-00873 | CD CA | May 19, 2021 |
| *Friday v. Nationstar Mortgage LLC d/b/a Mr. Cooper* | 1:21-cv-00165*<br><br>*Voluntarily dismissed October 16, 2021, and is a class member | W.D.N.C*<br><br><br>*Removed from Cleveland County, NC, originating case 21-CVS-828 | May 17, 2021 |
| *Jones v. Nationstar Mortgage LLC d/b/a Mr. Cooper.* | 1:21-cv-3217 | ND IL | June 15, 2021 |
| *Keil v. Nationstar Mortgage LLC, et al.* | 6:21-cv-0697 | ND NY | June 15, 2021 |
| *Miller v. Nationstar Mortgage LLC, et al.* | 8:21-cv-01349 | MD Fla. | June 3, 2021 |
| *Padalecki v. Nationstar Mortgage LLC, et al.* | 2:21-cv-00938 | D NV | May 14, 2021 |

A summary of the Litigation is included in the Declaration of Scott C. Harris which is attached as **Exhibit 1** to the Motion for Preliminary Approval.

On December 2, 2021, this action was stayed pending global mediation with the Hon. Jay Gandhi (ret.) ("Mr. Gandhi"). The Parties participated in settlement conference on January 31, 2022. After numerous additional informal conferencing and discussions during the following 4 months

3

(February through the end of May, 2022), the Parties reached agreement on all material terms of a global settlement on May 23, 2022. The Settlement Agreement was then drafted with revisions being exchanged amongst the parties until it was signed by all class representatives, counsel for the parties, and the parties on or before August 3, 2022.

In order to effectuate global resolution of the Litigation, Plaintiffs are contemporaneously filing stipulations to stay the actions in each court where the Litigation is pending. The current action therefore should resolve all proceedings to all Named Plaintiffs in each action and the respective Settlement Class.

## II.   THE SETTLEMENT AGREEMENT

The key terms are:

### A.   Certification of Settlement Class pursuant to Federal Rules of Civil Procedure, Rule 23(b)(3)

The Settlement Agreement establishes a Settlement Fund which in the aggregate amount of $10,550,000, is comprised of the following:

(a) "Settlement Fund A" means a monetary fund of $5,000,000 to be funded by ACI to compensate Settlement Class Members whose accounts were subjected to the Incident.

(b) "Settlement Fund B" means a separate monetary fund of $1,000,000 to be funded by ACI to compensate Settlement

Class Members for their unreimbursed actual damages arising out of the Incident.

(c) "Settlement Fund C" means a separate monetary fund of $500,000 to be funded by ACI, if necessary, to supplement the money in Settlement Fund A.

(d) Defendants will forgive and waive any entitlement to recover from the Settlement Class Members the $2,860,000 in overpayments made by ACI to approximately 1,200 Settlement Class Members relative to the Incident.

(e) Defendants will forgive and waive any entitlement to recover from the Settlement Class Members the approximately $190,000 actual damages payments made by Nationstar to Settlement Class Members relative to the Incident.

(f) ACI shall provide non-monetary relief to the Settlement Class in the form of business practices changes valued at $1,000,000.

As described in the Settlement Agreement, the Settlement will benefit all Persons throughout the United States whose mortgages were or are serviced by Nationstar, and who were subjected to the Incident. Defendants estimate and represent that there are approximately 480,000 accounts involved, and that the borrowers on these accounts were customers of

5

Nationstar and were affected by the Incident. Excluded from the Settlement Class are (a) all Persons who Opt Out of or otherwise choose not to participate in, the Settlement; (b) any affiliate, parent, or subsidiary of Defendants; (c) any entity in which Defendants have a controlling interest; (d) any officers, directors or employees, or immediate family members of the officers, directors or employees, of Defendants; (e) any successors or assigns of Defendants; (f) any legal counsel or employee of legal counsel for Defendants; and (g) the presiding Judges in the Litigation, as well as the Judges' staff and their immediate family members.

### B. Appointment of Class Representatives and Class Counsel

Plaintiffs Brett Padalecki, Charita Devereaux, Dawn Keil, David Dugan, Dianne Thompson, Shuron Miller, Dwayne Friday, Anita Friday, LaTreece Jones, and Marlene Dehner ("Named Plaintiffs") and their counsel are adequate under Rule 23(a)(4). There are no conflicts between their interests and those of the proposed Settlement Class Members. For purposes of Settlement, the Parties agree that Named Plaintiffs should be appointed Settlement Class Representatives for the Settlement Class.

For purposes of Settlement, the Parties further agree Scott C. Harris, of Milberg Coleman Bryson Phillips Grossman, PLLC, Edward H. Maginnis of Maginnis Howard, Norberto J. Cisneros of Maddox & Cisneros LLP, Marc E. Dann of DannLaw, George Haines of Freedom Law Firm, LLC, Michael Kind

of Kind Law, Joel R. Rhine of Rhine Law Firm, P.C., and Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C. should be appointed class counsel ("Class Counsel").

### C. Settlement Benefits

Pursuant to the Settlement Agreement, the maximum claim amount from Fund A is $100 per claimant; however, the $100 payment may increase or decrease as set forth below. For Settlement Fund B, ACI will set aside $1,000,000 for a separate reversionary claims made fund to compensate Settlement Class Members for their unreimbursed actual damages arising out of the Incident. There will be no cap on an actual damages claim payment. However, if an actual damages claim exceeds $750, counsel for the Parties shall first attempt to reach agreement on the claim payment, and if they cannot reach an agreement, then that claim will be submitted to a third-party neutral for a binding resolution.

For Settlement Fund C, if more than 4% of the Settlement Class Members (19,200) and less than 8% (38,400) of the Settlement Class Members submit Approved Claims for payment from Settlement Fund A, then ACI will contribute $250,000 to Settlement Fund C which shall be paid to the Settlement Administrator within 14 days after the deadline for the Settlement Administrator to make a final determination on Settlement Claims. Each Settlement Class Member who submits an Approved Claim for a Settlement

7

Fund A payment will be eligible to receive up to $100, and any amount in Settlement Fund A and the additional $250,000 from Settlement Fund C will be distributed pro rata amongst the people who submit Approved Claims in Settlement Fund A. If more than 8% of the Settlement Class Members (38,400) submit Approved Claims for payment from Settlement Fund A, then ACI will contribute an additional $250,000 (*i.e.*, for a total of $500,000) to Settlement Fund C which shall be paid within 14 days after the deadline for the Settlement Administrator to make a final determination on Settlement Claims. Each Settlement Class Member who submits an Approved Claim for a Settlement Fund A payment will be eligible to receive up to $100, and any amount in Settlement Fund A and the additional $500,000 from Settlement Fund C will be distributed pro rata amongst the people who submit Approved Claims in Settlement Fund A. Any amounts not used for or from Settlement Fund C will revert to ACI.

In addition, Defendants will forgive and waive any entitlement to recover from the Settlement Class Members the $2,860,000 in overpayments made by ACI to approximately 1,200 Settlement Class Members relative to the Incident. Defendants will provide a list of the names and addresses of these individuals to Class Counsel and the Settlement Administrator as part of the Class List. Defendants will also forgive and waive any entitlement to recover from the Settlement Class Members the approximately $190,000 actual

8

damages payments made by Nationstar to Settlement Class Members relative to the Incident. Defendants will provide a list of the names and addresses of these individuals to Class Counsel and the Settlement Administrator as part of the Class List.

Finally, ACI is providing non-monetary relief to the Settlement Class valued at $1,000,000. Within 30 days after entry of the Preliminary Approval Order, ACI will provide evidentiary support for that valuation via a declaration regarding the business practices changes that it has implemented and/or will implement to ensure that the Incident will not occur in the future. These are significant results for Settlement Class Members.

### D.  Administration of Notice and Claims

Angeion Group (together with its affiliates "Angeion" or "Settlement Administrator") will serve as the Settlement Administrator. All reimbursable notice and administration expenses will be paid pursuant to the Settlement Agreement.

Defendants will compile a list of Settlement Class Members and provide it to the Settlement Administrator within 21 days of signing the Settlement Agreement. Defendants estimate there are approximately 480,000 unique accounts affected by the Incident.

The Notice Plan commences 30 days after entry of the Preliminary Approval Order, which includes postcard notice via first-class mail and a Settlement Website containing a long form notice.

ACI shall pay $5,000,000 to an Escrow Agent established by the Settlement Administrator within 30 days following entry of the Preliminary Approval Order, and the Settlement Administrator shall provide ACI with information necessary to complete the wire transfer. After the Effective Date and the Settlement is final, the Settlement Administrator shall mail settlement checks.

### E. Fairness Hearing

If the proposed Settlement Class is certified and the Settlement is preliminarily approved, Plaintiff, with Defendants' consent, will move the Court to hold a Final Fairness Hearing after entry of the Preliminary Approval Order.

### F. Attorneys' Fees and Costs and Service Awards to Class Representatives

Reasonable attorneys' fees and costs will be decided by the Court at the Fairness Hearing. Plaintiffs' counsel will move for approval of an award of attorneys' fees of up to one-third (1/3) of the $10,550,000 Settlement Fund, as well as actual costs and expenses incurred. Class Counsel will prepare an appropriate fee petition and file it with the Court separately from their motion for

final approval of the Settlement.

Plaintiffs will also request the Court to award Service Awards in the amount of $2,500 for each of the Named Plaintiffs. In total, this amounts to Service Awards of up to $25,000.

## G.    **Exclusions and Objections**

Any Settlement Class Member who wishes to be excluded from or object to the Settlement must send their request to the Settlement Administrator no later than seventy-five (75) after entry of the Preliminary Approval Order. Any Class Member who wishes to object to the settlement must file their objection with the Court, along with any supporting documents. The Settlement Administrator will provide a list of the Settlement Class Members who submitted timely exclusions, which the Parties will file with the Court.

## III.    **LEGAL STANDARDS**

### A.    **Preliminary Approval of Settlement**

Federal Rule of Civil Procedure 23(e) requires judicial approval of any proposed settlement of claims brought on behalf of a class. *See* Fed. R. Civ. P. 23(e) ("The claims . . . of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . only with the court's approval."). Courts may approve a proposed class settlement upon a "finding that [the settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To assist the Court, Rule 23(e)(1)(A) requires the parties to "provide the Court with

11

information sufficient to enable it to determine whether to give notice of the proposal to the class." Courts in the Fourth Circuit follow a bifurcated approach to determine whether a settlement is "fair, reasonable, and adequate" under Rule 23. *See In re MicroStrategy, Inc. Sec. Litig.,* 148 F.Supp.2d 654, 663 (E.D. Va. 2001) (citing *In re Jiffy Lube Sec. Litig.,* 927 F.2d 155, 158 (4th Cir.1991)).

To warrant class certification, a settlement class must satisfy the four threshold requirements specified in Federal Rule of Civil Procedure 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. Fed. R. Civ. P. 23(a); *Bussian v. DaimlerChrysler Corp.*, No. 104cv00387, 2007 WL 1752059, at * 4 (M.D.N.C. June 18, 2007). Additionally, the class must satisfy at least one of the requirements enumerated in Rule 23(b). *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 424 (4th Cir. 2003). Here, the Settlement Class can be maintained under Rule 23(b)(3). In the Fourth Circuit, courts "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application [that] will in the particular case best serve the ends of justice for affected parties and promote judicial efficiencies." *Id.*

The Fourth Circuit laid out a series of factors to consider when determining whether a proposed settlement is fair and adequate and, thereby, reasonable. *Jiffy Lube*, 927 F.2d at 159. The Court considers: (1) the posture of the case at the time settlement was proposed, (2) the extent of discovery

12

that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of class action litigation. *Jiffy Lube*, 927 F.2d at 159. There is a "strong presumption in favor of finding a settlement fair." *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (internal quotation omitted).

To determine a settlement's adequacy, the Court considers: (1) the relative strength of the plaintiff's case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement. *Id*. at 159; *MicroStrategy*, 148 F.Supp.2d at 665.

## B.  <u>Conditional Class Certification</u>

To approve a class settlement, the Court must still consider the requirements for class certification under Rule 23. *In re NeuStar*, 2015 U.S. Dist. Lexis 129463, at *5-6 (E.D.V.A. Sept. 23, 2015) (citing and quoting *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 367 (4th Cir. 2004)). The Settlement Class must also satisfy one of the categories of Rule 23(b). *Id*.

## C.  <u>Notice Form Approval</u>

As part of preliminary approval, the Court must also approve the Parties' proposed notice to Settlement Class Members. *See* Fed. R. Civ. P. 23(c)(2)(B).

The notice must comport with due process and provide "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.*; *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).

Furthermore, the notice must state:

> **(i)** the nature of the action;
> **(ii)** the definition of the class certified;
> **(iii)** the class claims, issues, or defenses;
> **(iv)** that a class member may enter an appearance through an attorney if the member so desires;
> **(v)** that the court will exclude from the class any member who requests exclusion;
> **(vi)** the time and manner for requesting exclusion; and
> **(vii)** the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The form of notice is left to the Court's discretion. *See Fisher v. Va. Elec. & Power Co.*, 217 F.R.D. 201, 227 (E.D. Va. 2003) ("a court may exercise its discretion to provide the best notice practicable under the circumstances."); *see also* Fed. R. Civ. P. 23(c)(2)(B).

## IV.   ARGUMENT

### A.   The Proposed Settlement is Fair, Adequate, and Reasonable

The Settlement Agreement warrants preliminary approval. In addition to being fair, adequate, and reasonable, it satisfies the standards of Rule 23. Additionally, the proposed Class Notice meets the requirements of due process

14

and is accurate, informative, and easy to understand. Plaintiffs request the Court schedule a final approval hearing since Plaintiffs have met the appropriate standards for preliminary approval of settlement, class certification, and notice of settlement.

### 1. *The Proposed Settlement is Fair*

The Parties' Settlement Agreement is fair. The fairness analysis is intended to ensure a "settlement [is] reached as a result of good-faith bargaining at arm's length, without collusion." *Berry v. Schulman*, 807 F.3d 600, 614 (4th Cir. 2015) (citing *In re Jiffy Lube*, 927 F.2d at 159). Here, there is no hint of collusion. The proposed Settlement Agreement is the product of good faith negotiations between informed counsel and reached after years of litigation. *See* Declaration of Scott C. Harris.

### 2. *The Proposed Settlement is Adequate*

Courts in the Fourth Circuit determine a settlement's adequacy by weighing the settlement amount against:

> (1) The relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement.

*Horton*, 855 F. Supp. at 828 (quoting *Jiffy Lube,* 927 F.2d at 159). Rule 23 also

15

requires consideration of whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Each of these factors weigh in favor of finding the Settlement adequate.

*First*, Plaintiffs asserted Defendants' performed unauthorized Automated Clearinghouse ("ACH") activity related to the April 23-26, 2021 ACH incident alleged in the Litigation.

*Second*, the risks involved cannot be disregarded. Assuming a class were to be certified in each of the respective states, Plaintiffs faced the risks of losing on summary judgment, at trial, or on appeal. Defendants had several unique defenses which may have precluded class certification from being granted.

*Third*, continued litigation through trial – and likely appeals – is lengthy and expensive.

*Fourth*, many Settlement Class Members suffered financial losses and

16

the settlement benefits will be a significant recovery. Assuming the Court awards the attorneys' fees, service awards and reimbursement of costs, each person who files a claim will receive approximately $100.00. In addition, there were a significant number of people who were overpaid due to the Incident in which Defendants could ask for this money to be repaid. However, Defendants will forego seeking more than $3,000,000 from these Settlement Class Members. The Settlement Administrator will have a list of all of the Settlement Class Members and is being provided a copy of their last known physical addresses.

*Fifth*, Plaintiffs will address the degree of opposition to the Settlement in the motion seeking final approval after notice of the proposed Settlement and an opportunity to object has been provided.

Given the litigation risks, the complexity of underlying issues, the skill of defense counsel, and the amount of money recovered for Settlement Class Members, the proposed Settlement ensures a meaningful recovery. Plaintiffs and their counsel respectfully submit that the proposed Settlement is fair and adequate, such that notice of the Settlement should be sent to the Settlement Class.

**B.**    **The Class Should Be Certified for Settlement Purposes**

When presented with a settlement-only class, the United States Supreme Court held that a district court must determine whether a class meets

the requirements of Federal Rules 23(a) and 23(b)(2) or 23(b)(3) – save for evaluation of any class manageability issues at trial. *Amchem Products, Inc.*, 521 U.S. at 591, 617, 620. Because the Settlement Class meets Rule 23(a) and Rule 23(b)(3) standards, Plaintiffs move for conditional certification.

Certification is appropriate under Rule 23(a) if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

### 1. *Numerosity*

Rule 23(a)(1) demands evidence that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This requirement is satisfied as long as the Court can draw reasonable inferences from the facts before it as to the appropriate size of the Class and impossibility of joinder. *Simpson v. Specialty Retail Concepts*, 149 F.R.D. 94, 98 (M.D.N.C. 1993). Here, there are approximately 480,000 unique Settlement Class Members who will receive notice.

### 2. *Commonality*

The Settlement Class meets Rule 23's "commonality" requirement because "there are questions of law or fact common to the class." Fed. R. Civ.

P. 23(a)(2). The commonality requirement is met where the defendants engaged in a common course of conduct. *Fisher v. Virginia Elec. & Power Co.*, 217 F.R.D. 201, 223 (E.D. Va. 2003). The contention throughout is that Defendants treated everyone the same by withdrawing unauthorized amounts from each of the Settlement Class Members' bank accounts, satisfying the commonality requirement.

### 3. *Typicality*

Class Representatives for the Settlement Class fulfill Rule 23(a)'s "typicality" requirement because "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). For typicality to be satisfied, the "representative party's interest in prosecuting his own case must simultaneously tend to advance the interests of the absent class members." *Deiter v. Microsoft Corp.,* 436 F.3d 461, 466 (4th Cir. 2006). "Generally, the court must determine whether the asserted claims 'arise from the same event or practice or course of conduct and are based on the same legal theories as the claims of the unnamed class members.'" *Id.* at \*40 (citing *Rodger*, 160 F.R.D. at 538).

Here, typicality is satisfied. Plaintiffs, representing the Settlement Class, all were treated in the exact same manner by having amounts withdrawn from their accounts without authorization. Plaintiffs' and Settlement Class Members' mortgages were all serviced by Nationstar. In this

19

case, "[b]ecause the claims of the representative parties are the same as the claims of the class, the typicality requirement is satisfied." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 339 (4th Cir. 2006).

### 4. *Adequate Representation*

Last, Plaintiffs meet Rule 23(a)(4)'s adequacy requirement because Class Representatives have "common interests with unnamed members of the class" and "vigorously prosecute[d] the interests of the class through qualified counsel." *Beaulieu*, 2009 U.S. Dist. LEXIS 133023, at *43 (citing *Olvera-Morales v. Intern. Labor Mgmt Corp.*, 246 F.R.D. 250, 258 (M.D.N.C. 2007)). The adequacy analysis evaluates potential conflicts of interest between named parties and the class. *Broussard v. Meineke Disc. Muffler Shops,* 155 F.3d 331, 338 (4th Cir. 1998). "…[B]asic due process requires that the named plaintiffs possess undivided loyalties to absent class members." *Id.*

Plaintiffs' interests fully align with the Settlement Class's interests because Plaintiffs are prosecuting the same claims as the Settlement Class, arising from Defendants' unauthorized withdrawals. Plaintiffs have also reviewed the pleadings, provided documents, and maintained regular communications with Class Counsel.

Plaintiffs protected the interests of the Settlement Class by retaining qualified, experienced counsel to represent the Settlement Class. Class Counsel are nationally recognized for prosecuting complex class actions, having

20

effectively represented numerous plaintiffs in other consumer-protection actions, class actions, and complex business cases, typically as lead or co-lead counsel. The Settlement Class is therefore adequately represented to satisfy Rule 23(a)(4).

### 5. *Ascertainability*

Rule 23 also contains the implied requirement that the court be able to "readily identify the class members in reference to objective criteria." *EQT Prod. Co.*, 764 F.3d at 358. Here, the proposed Settlement Class meets the implied "ascertainability" requirement, because the Settlement Class Members are "readily identifiable." Nationstar is providing a list of those individuals who were affected by the Incident.

## C. **The Settlement Class Satisfies the Requirements of Rule 23(b)(3)**

Because the Settlement Class seeks to recover damages, the Court must determine whether the Settlement Class complies with Fed. R. Civ. P. 23(b)(3), which authorizes class certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) is "designed to secure judgments binding all class members save those who affirmatively elect[] to

be excluded," where a class action will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to person similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 614-15 (internal quotations and citations omitted).

### 1. *Common Questions of Law and Fact Predominate*

The Settlement Class satisfies the predominance inquiry because the "'proposed class is sufficiently cohesive to warrant adjudication by representation.'" *Beaulieu*, 2009 U.S. Dist. LEXIS 133023, at *60 (citing *Amchem Products,* 521 U.S. at 623). "The inquiry with respect to the predominance standard focuses on the issue of liability, and if the liability issue is common to the class, common questions are held to predominate over individual ones." *In re Red Hat, Inc. Sec. Litig.,* 261 F.R.D. 83, 89-90 (E.D.N.C. 2009) (internal citation omitted). The likelihood that class members may have suffered individual damages does not impact the predominance analysis. *See Gunnells*, 348 F.3d at 427-28.

Plaintiffs and Settlement Class Members are identical because they all suffered from the same common nucleus of operative facts, and all issues are subject to the same proof: whether they all had unauthorized amounts withdrawn from their accounts by Defendants between April 23-26, 2021. In other words, the class claims predominate.

22

2. *Class Resolution of this Action is the Superior Method of Adjudication*

Plaintiffs fulfill the superiority requirement of Rule 23(b)(3). In order to determine whether the class action is the superior method of adjudicating these claims, Rule 23(b)(3) enumerates four factors: (1) class members' interests in controlling the prosecution or defense of separate actions; (2) the extent of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. Rule 23(b)(3). "The Supreme Court explained in *Amchem* that when dealing with a settlement only class pursuant to Rule 23(e), a district court need not inquire whether the case, if tried, would present intractable management problems." *Gunnells*, 348 F.3d at 440 (internal quotes omitted).

Because this action arises from the same Incident, it presents a quintessential case suitable for aggregate treatment.

**D. Plaintiffs' Notice Form and Plan Satisfies the Requirements of this Court**

"The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(l). In accordance with this rule and the relevant due process considerations,

23

adequate notice must be given to absent class members to enable them to make an intelligent choice as to whether to participate in or opt out of the class. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 326-27 (3d Cir. 1998).

### 1. *The Notice Plan Provides the Best Practicable Notice*

Notice of a proposed settlement to class members must be the "best notice practicable." *See* Fed. R. Civ. P. 23(c)(2)(B). "[B]est notice practicable" includes "individual notice to all members who can be identified through reasonable effort." *Id.*, *Eisen,* 417 U.S. at 173. Here, the Class Notice has been developed to provide the most comprehensive notice possible, which satisfies federal guidelines.

In this case, the Class Notice meets all legal requirements and provides a comprehensive explanation of the Settlement in layperson's terms. In addition, the Settlement Administrator will establish a website with all relevant information, including a long form notice, answers to frequently asked questions, and the Settlement Agreement.

### 2. *The Notice States the Facts Required by Fed. R. Civ. P. 23(c)(2)(B)*

The proposed Class Notice provides clear and accurate information as to: (1) a the nature and principal terms of the Settlement; (2) the definition of the Settlement Class; (3) the claims and defenses alleged; (4) the procedures and

24

deadlines for opting-out of or submitting objections and the date, time and place of the Final Approval Hearing; and (5) the consequences of taking or foregoing the options available to Settlement Class Members. The Class Notice also informs Settlement Class Members about attorneys' fees and costs that may be sought by Class Counsel, and the contact information for Class Counsel, Defendants' counsel, and the Court. Thus, the Class Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. *See, e.g.*, MANUAL FOR COMPLEX LITIGATION, FOURTH § 21.311-21.312 (2008).

> ### E. <u>Plaintiffs Request That the Court Enter the Schedule in the Attached Proposed Order to Facilitate Settlement.</u>

Plaintiffs request the Court schedule objection and exclusion deadlines to facilitate settlement, in addition to setting a date for a final approval hearing. The final approval hearing will provide a forum to address the terms and conditions of the Settlement, including the fairness, adequacy and reasonableness of the Settlement as well as the attorneys' fees, reimbursement of costs, and Service Awards to the Class Representatives. Plaintiffs have outlined the proposed schedule in the attached Proposed Order.

## V. <u>CONCLUSION</u>

The Parties respectfully request the Court: (1) preliminarily approve the Settlement; (2) preliminarily certify the Settlement Class; (3) approve the

Class Notice; and (4) schedule a final approval hearing to consider approval of the Settlement, and approval of attorneys' fees, costs, and Service Awards.

Dated: August 5, 2022

Respectfully submitted,

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC

/s/ *Scott C. Harris*
Scott C. Harris
N.C. Bar No.: 35328
00 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
sharris@milberg.com

MAGINNIS HOWARD

Edward H. Maginnis
N.C. Bar No. 39317
Karl S. Gwaltney
N.C. Bar No. 45118
Asa C. Edwards
N.C. Bar No. 46000
7706 Six Forks Road
Raleigh, NC 27615
Telephone: 919-526-0450
Fax: 919-882-8763
emaginnis@maginnishoward.com
kgwaltney@maginnishoward.com
aedwards@maginnishoward.com

*Attorneys for Plaintiff and the*
*putative Class*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was filed electronically with the clerk of court via ECF which provided notice to all parties through their counsel of record.

This the 5th day of August, 2022.

/s/ *Scott C. Harris*
Scott C. Harris