UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:21-CV-00341-TDS-JEP

| | |
|---|---|
| DAVID DUGAN, *on behalf of himself and all others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NATIONSTAR MORTGAGE LLC, and ACI WORLDWIDE, CORP., | ) ) ) |
| Defendants. | ) ) ) |

## DECLARATION OF SCOTT C. HARRIS IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Scott C. Harris, hereby declare as follows:

1. I am co-counsel for Plaintiff David Dugan, and I am also counsel for Charita Deveraux, Dawn Keil, Marlene Dehner, and Shuron Miller who are plaintiffs in actions filed in California, Michigan, New York, and Florida against ACI Payments, Inc., ACI Worldwide Corp., and ACI Worldwide, Inc. (collectively "ACI") and Nationstar Mortgage LLC d/b/a Mr. Cooper Group ("Nationstar") (collectively ACI and Nationstar are "Defendants").

2. Additionally, in cooperation with counsel for plaintiffs in the Nationstar-ACI Litigation, in seeking the preliminary approval of this settlement, I also represent the interests of Brett Padalecki, Dianne

Thompson, Marlene Dehner, Dwayne Friday, Anita Friday, and LaTreece Jones (collectively with those I represent directly as co-counsel, "Named Plaintiffs")

3. This declaration is made pursuant to Federal Rule of Civil Procedure Rule 23(a)(4), to satisfy the Rule's "adequacy" requirement, in support of Named Plaintiffs' concurrently filed Unopposed Motion for Preliminary Approval of Class Action Settlement, Certifying Class for Purpose of Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing.

4. I am requesting that, upon certification of the Settlement Class, my firm, Milberg Coleman Bryson Phillips Grossman, PLLC, including myself, and my co-counsel Edward H. Maginnis of Maginnis Howard, Norberto J. Cisneros of Maddox & Cisneros LLP, Marc E. Dann of DannLaw, George Haines of Freedom Law Firm, LLC, Michael Kind of Kind Law, Joel R. Rhine of Rhine Law Firm, P.C., and Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C. be appointed to represent the Class (collectively "Class Counsel").

5. I, along with Class Counsel, have actively participated in the conduct of this litigation and each of the cases filed throughout the country as discussed below, have personal knowledge of the matters set forth in this Declaration, and if called to testify, could and would testify competently about them.

6. Class Counsel are nationally recognized for prosecuting large,

2

Case 1:21-cv-00341-TDS-JEP   Document 71-1   Filed 08/05/22   Page 2 of 12

complex class actions, and have effectively represented numerous plaintiffs in other consumer-protection actions, class actions, and complex business cases, typically as lead or co-lead counsel.

7. Class Counsel's years of experience representing plaintiffs in complex class action and consumer cases nationwide contributed to an awareness of the Named Plaintiffs' settlement leverage, as well as the needs of Named Plaintiffs and the Settlement Class.

8. We believe, and continue to believe, that the claims in this action would ultimately prevail in the litigation on a class-wide basis.

9. However, we are aware that a successful outcome was uncertain for *all* Settlement Class Members and would have been achieved, if at all, only after several years of prolonged, arduous litigation with the attendant and real risk of additional drawn-out appeals.

10. The Settlement provides significant benefits to current and former residential mortgagors of Nationstar. Indeed, the Settlement provides benefits to approximately 480,000 accounts who were customers of Nationstar affected by the unauthorized Automated Clearinghouse ("ACH") activity related to the April 23-26, 2021 ACH incident (the "Incident") as alleged in the various complaints in this action and the related lawsuits.

11. The Settlement is the product of good-faith negotiations between informed counsel after extensive negotiations. First, the Settling Parties

3

exchanged informal discovery regarding the Incident, the Named Plaintiffs' claims, and Defendants' defenses; and participated in good faith, arm's-length settlement discussions during a day-long mediation with the Honorable Jay C. Gandhi of JAMS (the "Mediator") on January 31, 2022, and direct discussions between Class Counsel and Defendants that continued thereafter, through which the basic terms of a settlement were negotiated and finalized.

## Basic Summary of Litigation History

12. In the paragraphs that follow, I explain the litigation and the arms-length negotiations that resulted in the Settlement now before the Court for final approval. Below is a table identifying each case that was filed across the country, as well as a summary of the cases that were initially filed in other courts, and a summary of the work that was done to achieve this Settlement on behalf of the Settlement Class.

| Case Name | Case No. | District Court | Date Filed |
|---|---|---|---|
| *Dehner v. Nationstar Mortgage LLC, et al.* | 1:21-cv-011460 | ED MI | June 21, 2021 |
| *Devereaux v. Nationstar Mortgage LLC, et al.* | 5:21-cv-00873 | CD CA | May 19, 2021 |
| *Friday v. Nationstar Mortgage LLC d/b/a Mr. Cooper* | 1:21-cv-00165* *Voluntarily dismissed October 16, 2021, and is a class member | W.D.N.C* *Removed from Cleveland County, NC, originating | May 17, 2021 |

4

|  |  | case 21-CVS-828 |  |
| --- | --- | --- | --- |
| *Jones v. Nationstar Mortgage LLC d/b/a Mr. Cooper.* | 1:21-cv-3217 | ND IL | June 15, 2021 |
| *Keil v. Nationstar Mortgage LLC, et al.* | 6:21-cv-0697 | ND NY | June 15, 2021 |
| *Miller v. Nationstar Mortgage LLC, et al.* | 8:21-cv-01349 | MD Fla. | June 3, 2021 |
| *Padalecki v. Nationstar Mortgage LLC, et al.* | 2:21-cv-00938 | D NV | May 14, 2021 |

## Summary of the Work

13. Thus far, Class Counsel spent hundreds of hours litigating this case including, but not limited to the following:

   a. Extensive pre-suit investigation;

   b. Extensive research relating to the Incident and causes of action that are viable nationwide and specifically to California, Florida, Michigan, New York, North Carolina, Illinois, and Nevada;

   c. Substantial research and briefing related to Nationstar's Motions to Dismiss in California, North Carolina, and Michigan;

   d. Responding to motions filed by Nationstar in Nevada, Illinois, and Michigan;

   e. Drafting settlement demands and settlement communications to Defendants;

   f. Researching expert witnesses and meeting with expert witnesses;

   g. Multiple settlement communications with Defendants' counsel

5

after the mediation until the memorandum of understanding and Settlement Agreement was signed;

h. Class Counsel also spent substantial time in contentious settlement discussions and negotiations over the terms of the comprehensive Settlement that has lasted over six months;

i. Class Counsel also worked to design an effective Notice Program, Claim Form, Postcard Notice, and Long Notice for the Settlement, and the format of the settlement website;

j. In addition to the work already performed, Class Counsel anticipates expending substantial further time and resources to effectuate the Settlement. This work will involve preparing and presenting the motion for final approval at the upcoming fairness hearing, monitoring claim reports issued by the Settlement Administrator, and responding to continuing questions from Settlement Class Members about the Settlement and their payment upon receipt.

## **Benefits of the Settlement**

14. As described below, after the extensive litigation, the Settlement provides significant and substantial relief to Settlement Class Members given the uncertainties and length of this litigation.

15. Class Counsel achieved an exceptional and efficient result in this

6

case by creating a Settlement Fund which in the aggregate amount of $10,550,000, is comprised of the following:

(a) "Settlement Fund A" is a monetary fund of $5,000,000 to be funded by ACI to compensate Settlement Class Members whose accounts were subjected to the Incident.

(b) "Settlement Fund B" is a separate monetary fund of $1,000,000 to be funded by ACI to compensate Settlement Class Members for their unreimbursed actual damages arising out of the Incident.

(c) "Settlement Fund C" is a separate monetary fund of $500,000 to be funded by ACI, if necessary, to supplement the money in Settlement Fund A.

(d) Defendants will forgive and waive any entitlement to recover from the Settlement Class Members the $2,860,000 in overpayments made by ACI to approximately 1,200 Settlement Class Members relative to the Incident.

(e) Defendants will forgive and waive any entitlement to recover from the Settlement Class Members the approximately $190,000 actual damages payments made by Nationstar to Settlement Class Members relative to the Incident.

(f) ACI shall provide non-monetary relief to the Settlement Class in the form of business practices changes valued at $1,000,000.

16. The Settlement is, in the opinion of the undersigned based on my substantial experience in related class action litigation, fair, reasonable, adequate, and worthy of preliminary approval.

17. The proposed Settlement Agreement is the product of good faith negotiations between informed counsel and reached after multiple briefings, a mediation, and numerous calls amongst counsel to review and finalize the Settlement Agreement.

18. As described in the Settlement Agreement, the Settlement will benefit all Persons throughout the United States whose mortgages were or are serviced by Nationstar, and who were subjected to the Incident. Defendants estimate and represent that there are approximately 480,000 accounts involved, and that the borrowers on these accounts were customers of Nationstar and were affected by the Incident. Excluded from the Settlement Class are (a) all Persons who Opt-Out of or otherwise choose not to participate in, the Settlement; (b) any affiliate, parent, or subsidiary of Defendants; (c) any entity in which Defendants have a controlling interest; (d) any officers, directors or employees, or immediate family members of the officers, directors or employees, of Defendants; (e) any successors or assigns of Defendants; (f)

8

any legal counsel or employee of legal counsel for Defendants; and (g) the presiding Judges in the Litigation, as well as the Judges' staff and their immediate family members.

19. As part of this Settlement, the maximum claim amount from Fund A is $100 per claimant; however, the $100 payment may increase or decrease as set forth below.

20. For Settlement Fund B, ACI will set aside $1,000,000 for a separate reversionary claims-made fund to compensate Settlement Class Members for their unreimbursed actual damages arising out of the Incident. There will be no cap on an actual damages claim payment. However, if an actual damages claim exceeds $750, counsel for the Settling Parties shall first attempt to reach agreement on the claim payment, and if they cannot reach an agreement, then that claim will be submitted to a third-party neutral for a binding resolution.

21. For Settlement Fund C, if more than 4% of the Settlement Class Members (19,200) and less than 8% (38,400) of the Settlement Class Members submit Approved Claims for payment from Settlement Fund A, then ACI will contribute $250,000 to Settlement Fund C which shall be paid to the Settlement Administrator within 14 days after the deadline for the Settlement Administrator to make a final determination on Settlement Claims. Each Settlement Class Member who submits an Approved Claim for a Settlement

9

Fund A payment will be eligible to receive up to $100, and any amount in Settlement Fund A and the additional $250,000 from Settlement Fund C will be distributed pro rata amongst the people who submit Approved Claims in Settlement Fund A. If more than 8% of the Settlement Class Members (38,400) submit Approved Claims for payment from Settlement Fund A, then ACI will contribute an additional $250,000 (*i.e.*, for a total of $500,000) to Settlement Fund C which shall be paid within 14 days after the deadline for the Settlement Administrator to make a final determination on Settlement Claims. Each Settlement Class Member who submits an Approved Claim for a Settlement Fund A payment will be eligible to receive up to $100, and any amount in Settlement Fund A and the additional $500,000 from Settlement Fund C will be distributed pro rata amongst the people who submit Approved Claims in Settlement Fund A. Any amounts not used for or from Settlement Fund C will revert to ACI.

22. In addition, Defendants will forgive and waive any entitlement to recover from the Settlement Class Members the $2,860,000 in overpayments made by ACI to approximately 1,200 Settlement Class Members relative to the Incident. Defendants will provide a list of the names and addresses of these individuals to Class Counsel and the Settlement Administrator as part of the Class List. Defendants will also forgive and waive any entitlement to recover from the Settlement Class Members the approximately $190,000 actual

damages payments made by Nationstar to Settlement Class Members relative to the Incident. Defendants will provide a list of the names and addresses of these individuals to Class Counsel and the Settlement Administrator as part of the Class List.

23. Finally, ACI is providing non-monetary relief to the Settlement Class valued at $1,000,000. Within 30 days after entry of the Preliminary Approval Order, ACI will provide evidentiary support for that valuation via a declaration regarding the business practices changes that it has implemented and/or will implement to ensure that the Incident will not occur in the future.

24. These are significant results for Settlement Class Members.

25. At the time of final approval, Class Counsel will submit a request for attorneys' fees not to exceed one-third (1/3) of the total value of the Settlement Fund which is valued at $10,550,000, plus reimbursement of litigation costs and expenses.

26. Also, at the time of final approval, Class Counsel will request from the Court a Service Award for each of the Representative Plaintiffs in an amount up to and including $2500 each (not to exceed $25,000 in total), to be paid solely from Settlement Fund A.

27. The Class Representatives demonstrated their commitment to monitor and supervise the prosecution of the case on behalf of the Settlement Class as will be described in the motion for final approval.

28. I declare under the penalty of perjury that the foregoing is true and correct.

Respectfully submitted, this the 5th day of August, 2022.

    s/ *Scott C. Harris*
Scott C. Harris
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC