DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and among Marlene Dehner, Charita Devereaux, David Dugan, Anita Friday, Dwayne Friday, LaTreece Jones, Dawn Keil, Shuron Miller, Brett Padalecki, and Dianne Thompson, individually and on behalf of the Settlement Class, on the one hand, and ACI Payments, Inc., ACI Worldwide Corp., ACI Worldwide, Inc., and Nationstar Mortgage LLC d/b/a Mr. Cooper Group, on the other hand, by and through their respective counsel.

## RECITALS

WHEREAS, Plaintiffs filed class action complaints (the "Complaints") in the following lawsuits: *Padalecki v. Nationstar Mortgage LLC*, D. Nev., Case No. 2:21-cv-938; *Jones v. Nationstar Mortgage LLC*, N.D. Ill., Case No. 1:21-cv-3217; *Keil v. Nationstar Mortgage LLC*, N.D.N.Y., Case No. 6:21-cv-697; *Dugan v. Nationstar Mortgage LLC*, M.D.N.C., Case No. 1:21-cv-341; *Miller v. Nationstar Mortgage LLC*, M.D. Fla., Case No. 8:21-cv-1349; *Dehner v. Nationstar Mortgage LLC*, E.D. Mich., Case No. 1:21-cv-11460; *Devereaux v. Nationstar Mortgage LLC, et al.*, C.D. Cal., Case No. 5:21-cv-873; and *Friday v. Nationstar Mortgage LLC*, W.D.N.C., Case No. 1:21-cv-165 (collectively, the "Litigation") regarding the Automated Clearinghouse ("ACH") activity during the period April 23-26, 2021 as alleged in the Litigation (the "Incident");

WHEREAS, the Plaintiffs in *Friday, et al. v. Nationstar Mortgage LLC*, W.D.N.C., Case No. 1:21-cv-165, voluntarily dismissed their lawsuit without prejudice on October 6, 2021;

WHEREAS, Defendants filed motions to dismiss Plaintiffs' remaining Complaints in the Litigation, and such motions remain pending;

WHEREAS, the Complaints in the Litigation asserted claims against Defendants for alleged (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (2)

violations of the North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq*., (3) Negligence, (4) violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, (5) Conversion, (6), Violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1393, *et seq*., (7) violations of N.C.G.S. § 1-538.2, (8) Breach of Contract, (9) Civil Conspiracy, (10) violations of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, M.C.L. § 445-1672a, (11) violations of the Michigan Regulation of Collection Practices Act, M.C.L. § 445.252, *et seq.*, (12) Unjust Enrichment, (13) Trespass to Chattels, (14) violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1, *et seq*., (15) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*, (16) violations of the New York General Business Law § 349, (17) violations of New York General Business Law § 350, (18) Breach of Fiduciary Duty, (19) violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.*, (20) violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*., (21) violations of the California Penal Code § 502, (22) violations of the Florida Consumer Collection Practices Act, Fla. Stat § 559.72(9), and (23) violations of Nevada Deceptive Trade Act, NRS 598.0915, *et seq*., arising from and related to the Incident;

WHEREAS, the Settling Parties exchanged informal discovery regarding the Incident, the Representative Plaintiffs' claims, and Defendants' defenses; and participated in good faith, arm's-length settlement discussions during a day-long mediation with the Honorable Jay C. Gandhi of JAMS (the "Mediator") on January 31, 2022, and direct discussions between counsel for the Plaintiffs and Defendants that continued thereafter, through which the basic terms of a settlement were negotiated and finalized;

WHEREAS, Class Counsel conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the claims to be resolved in this Settlement and how best to serve the interests of the putative class in the Litigation. Based on this investigation and the

2

negotiations described above, as well as through investigations and consultations with an expert, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of the Litigation, and the benefits to be received by the Settlement Class pursuant to this Agreement, that a settlement with Defendants on the terms set forth in this Agreement is fair, reasonable, adequate and in the best interests of the putative class;

WHEREAS, Plaintiffs, individually and on behalf of the Settlement Class, desire to settle the Litigation and all matters within the scope of the Release set forth herein, having taken into account the risks, delay and potential difficulties involved in obtaining class certification, establishing liability, the likelihood of recovery in excess of that offered by this Agreement, the prospect of appeal in the event of a favorable trial court outcome, the desirability of payment sooner rather than later, and the likelihood that the Litigation could be protracted and expensive;

WHEREAS, based upon their investigation and consideration of the risks of continuing to litigate the Litigation, the facts and law advocated by Defendants and the confidential feedback from the Mediator, Plaintiffs and Class Counsel believe that it is desirable and in the best interests of the Settlement Class to enter into this Agreement;

WHEREAS, Defendants have denied and continue to deny (a) each and every allegation and all charges of wrongdoing or liability of any kind whatsoever asserted or which could have been asserted in the Litigation, (b) that the Representative Plaintiffs in the Litigation and the class they purport to represent have suffered any damage, and (c) that the Litigation satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23. Without acknowledging any fault or liability on the part of the Defendants, the Settling Parties have agreed to enter into this Agreement as an appropriate compromise of Representative Plaintiffs' and Settlement Class Members' claims to put to rest all controversy between the Representative Plaintiffs and Settlement Class Members, on the one hand, and the Defendants, on the other hand,

and to avoid the uncertainty, risk, and/or expense of burdensome, protracted, and costly litigation that would be involved in prosecuting and defending the Litigation. This Agreement is for settlement purposes only, and nothing in this Agreement shall constitute, be construed as, or be admissible in evidence as any admission of the validity of any claim or any fact alleged by any of the Representative Plaintiffs in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or admission by any of the Parties of the validity or lack thereof of any claim, allegation, or defense asserted in the Litigation or in any other action;

WHEREAS, Defendants believe it is desirable and in their best interests to settle the Litigation and all matters within the scope of the Release upon the terms and conditions provided for in this Agreement, and subject to the cap on payment set by the Settlement Fund, in order to avoid the further expense, imposition, and distraction of litigation, the prospect of appeal in the event of a favorable trial court outcome, and in order to put to rest the claims that have been asserted in the Litigation and are within the scope of the Release;

WHEREAS, ACI has agreed in this Agreement that it has and/or will take certain steps to enhance its information security programs, as described in ¶ 2.1(f);

WHEREAS, this Agreement is intended to fully, finally and forever resolve all claims and causes of action asserted, or that could have been asserted based upon the facts alleged in the Complaints in the Litigation, against Defendants and the Released Persons, by and on behalf of the Representative Plaintiffs and Settlement Class Members, and any other such actions by and on behalf of any other consumers and putative classes of consumers originating, or that may originate, relating to the Incident.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between the Representative Plaintiffs, Class Counsel, and Defendants, that, subject to the approval of the Court as provided

for in this Agreement, the Litigation and Released Claims (including Unknown Claims) shall be fully and finally settled, compromised and released, and the Litigation shall be dismissed with prejudice, on the following terms and conditions:

## I. DEFINITIONS

As used in this Agreement, the following terms have the meanings specified below:

1.1.    "ACI" means ACI Payments, Inc., ACI Worldwide Corp., and ACI Worldwide, Inc., collectively.

1.2.    "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

1.3.    "Approved Claims" means valid Settlement Claims in an amount approved by the Settlement Administrator or found to be valid through the dispute resolution process, as set forth in ¶ 7.2 of this Agreement.

1.4.    "Attorneys' Fees and Expenses Reimbursement" means the amount awarded by the Court to be paid to Class Counsel from Settlement Fund A in the Settlement Fund, such amount to be in full and complete satisfaction of Class Counsel's claim or request for payment of attorneys' fees and expenses in connection with the Litigation.

1.5.    "Award" means the amount remitted by the Settlement Administrator out of the Settlement Fund to Settlement Class Members who submit Approved Claims, as provided in Sections II and VII of this Agreement.

1.6.    "Claim Form" means the claim form attached hereto as Exhibit A, or a claim form approved by the Court that is substantially similar to Exhibit A.

1.7.    "Claims Deadline" means the deadline by which Settlement Class Members must submit any valid Settlement Claims. The Claims Deadline shall be set by the Court in the

5

Preliminary Approval Order. The Settling Parties propose a Claims Deadline that is open for 9 months from the date of entry of the Preliminary Approval Order.

1.8. "Claims Period" means the time for Settlement Class Members to submit Settlement Claims, running from the date of entry of the Preliminary Approval Order through the Claims Deadline.

1.9. "Class Counsel" means Norberto J. Cisneros of Maddox & Cisneros LLP, Marc E. Dann of DannLaw, George Haines of Freedom Law Firm, LLC, Scott C. Harris of Milberg Coleman Bryson Phillips Grossman PLLC, Michael Kind of Kind Law, Edward H. Maginnis of Maginnis Howard, Joel R. Rhine of Rhine Law Firm, P.C., and Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C.

1.10. "Class List" means a list of Settlement Class Members identified by Defendants that includes certain information about each Settlement Class Member. Defendants shall use best efforts to provide Class Counsel and the Settlement Administrator with a list of all potential people who were involved in the Incident, including their last known addresses and email addresses (if Nationstar has any emails). The list shall include all Settlement Class Members whose mortgages are currently being serviced by Nationstar, and all Settlement Class Members who had a service transfer or mortgage payoff such that their mortgages are no longer being serviced by Nationstar.

The list shall also identify the Settlement Class Members who received an overpayment from ACI as part of the $2,860,000 in overpayments made by ACI to approximately 1,200 Settlement Class Members, as referenced in ¶ 2.1(d), and the amount of each Settlement Class Member's overpayment.

The list shall also identify the Settlement Class Members who received an actual damages payment from Nationstar as part of the approximately $190,000 actual damages payments made

6

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

by Nationstar to Settlement Class Members, as referenced in ¶ 2.1(e), and the amount of each Settlement Class Member's payment.

For the avoidance of doubt, Defendants shall exert their best efforts in searching and compiling their existing data regarding Settlement Class Members to put together the aforementioned list. Defendants' obligations do not extend to conducting any skip-tracing or otherwise gathering information from third parties to ascertain contact information for Settlement Class Members.

The Parties agree that the information in the Class List is confidential and private. In the event the Settlement is terminated as set forth herein, or Final Approval does not occur for any reason, Plaintiffs, Class Counsel, and the Settlement Administrator shall promptly return to Defendants' counsel, delete or destroy all copies of the Class List, and shall not use the Class List or any information in the Class List to contact Settlement Class Members or for any other reason.

1.11.   "Class Notice" means the notice of this Settlement that is contemplated by this Agreement, and which shall include the Postcard Notice and Long Notice, substantially in the forms attached hereto as Exhibits B and C, respectively.

1.12.   "Class Period" means the period of April 23, 2021-April 26, 2021.

1.13.   "Court" means the Honorable Thomas D. Schroeder of the Middle District of North Carolina, or such other judge of the same court to whom the lawsuit *Dugan v. Nationstar Mortgage LLC*, M.D.N.C., Case No. 1:21-cv-341, may be assigned.

1.14.   "Defendants" means both Nationstar and ACI.

1.15.   "Dispute Resolution Process" means the process for resolving disputed Settlement Claims as set forth in ¶ 7.2 of this Agreement.

1.16.   "Effective Date" means the date on which the Final Approval Order in the Litigation becomes "Final." "Final" means one business day after all of the following conditions

have been satisfied: (a) the Final Approval Order has been entered; and (b)(i) if reconsideration and/or appellate review is not sought from the Final Approval Order, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ; or (b)(ii) if reconsideration and/or appellate review is sought from the Final Approval Order: (A) the date on which the Final Approval Order is affirmed and is no longer subject to judicial review, or (B) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Approval Order is no longer subject to judicial review. If no Settlement Class Member objects, then the Effective Date is the date one business day after the Final Approval Order is entered.

1.17. "Final Approval" means final approval of the Settlement with the Court's entry of a Final Approval Order.

1.18. "Final Approval Hearing" means the final hearing to be conducted by the Court in connection with the determination of the fairness, adequacy and reasonableness of this Agreement and the proposed settlement of the Litigation.

1.19. "Final Approval Order" or "Judgment" means the Court's Final Approval Order and Judgment, which, among other things, approves this Agreement and the Settlement as fair, adequate and reasonable and confirms the final certification of the Settlement Class.

1.20. "Incident" means the Automated Clearinghouse ("ACH") activity related to the April 23-26, 2021 ACH incident alleged in the Litigation.

1.21. "Long Notice" means the notice attached hereto as Exhibit C, or a notice approved by the Court that is substantially similar to Exhibit C.

1.22. "Nationstar" means Nationstar Mortgage LLC d/b/a Mr. Cooper Group.

1.23. "Notice Program" means the forms and methods of providing notice of the Settlement to Settlement Class Members, as set forth in Section IV.

8

1.24.    "Objection Deadline" means 75 days after the date of entry of the Preliminary Approval Order.

1.25.    "Opt Out" means a Settlement Class Member (i) who timely submits a properly completed and executed Request for Exclusion, and (ii) who does not rescind that Request for Exclusion before the end of the Opt Out Period, and (iii) as to which there is not a successful challenge to the Request for Exclusion.

1.26.    "Opt Out Date" means the date by which Settlement Class Members must mail their Request for Exclusion in order for that request to be excluded from the Settlement Class to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt Out Date shall be 75 days after the date of entry of the Preliminary Approval Order.

1.27.    "Opt Out Period" means the period commencing on the date of entry of the Preliminary Approval Order and ending on the Opt Out Date, during which Settlement Class Members may submit a timely Request for Exclusion.

1.28.    "Party" refers to any Plaintiff or Defendant, and "Parties" means Plaintiffs and Defendants, collectively.

1.29.     "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.30.    "Plaintiffs" or "Representative Plaintiffs" means Marlene Dehner, Charita Devereaux, David Dugan, Anita Friday, Dwayne Friday, LaTreece Jones, Dawn Keil, Shuron Miller, Brett Padalecki, and Dianne Thompson.

1.31. "Postcard Notice" means the notice attached hereto as Exhibit B, or a notice approved by the Court that is substantially similar to Exhibit B.

1.32. "Preliminary Approval" means preliminary approval of the Settlement with the Court's entry of a Preliminary Approval Order in the form attached hereto as Exhibit D, or an order substantially similar to such form.

1.33. "Preliminary Approval Order" means the Court's order granting, among other things, conditional certification of the Settlement Class, preliminary approval of this Agreement and the Settlement, and approval of the form and method of Class Notice, substantially in the form attached hereto as Exhibit D.

1.34. "Release" means Settlement Class Members', including Representative Plaintiffs', complete and unconditional release and discharge of the Released Persons from any and all of the Released Claims, including Unknown Claims.

1.35. "Released Claims" means all claims, including Unknown Claims, up to the date of Preliminary Approval, including but not limited to, any claim, liability, right, demand, suit, matter, obligation, damage, including consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages, attorneys' fees and costs, actions or causes of action of every kind and description, whether in law, in equity, for administrative relief, or otherwise, that the Settlement Class Members had, have, or may have against Defendants and/or the Released Persons that result from, arise out of, are based upon, or relate to the Incident, or that were or could have been alleged in the Litigation, including, without limitation, any claims, actions, causes of action (including under state consumer protection and privacy statutes, including without limitation those of Colorado, California, and Oregon), demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the Incident alleged in the Litigation.

"Released Claims" do not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Agreement, do not release any claims that are not related to the Incident or the allegations, facts or circumstances described in the Complaints in the Litigation, and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class. "Released Claims" do not include any claims belonging to any Defendant against any other Defendant. "Released Claims" also do not include any claims belonging to ACI and/or its insurers and/or reinsurers against any third party, including but not limited to Cognizant Technology Solutions U.S. Corporation ("Cognizant"), Tata America International Corporation ("Tata"), and The Western Union Company ("Western Union"). Specifically, Released Claims is not intended, nor shall it be construed to release any claims for contribution and/or indemnification that ACI and/or its insurers and/or reinsurers may possess against any third party including but not limited to Cognizant, Tata, and/or Western Union.

"Released Persons" means Defendants and their past or present owners, parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of Defendants' and these entities' respective predecessors, successors, directors, officers, shareholders, employees, servants, representatives, principals, agents, advisors, consultants, vendors, partners, contractors, attorneys, accountants, insurers, reinsurers, assigns subrogees, including but not limited to Cognizant, Tata, and/or Western Union, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in the Litigation.

1.36. "Request for Exclusion" means a fully completed and properly executed written request that is timely delivered to the Settlement Administrator by a Settlement Class Member under Section V of this Agreement and is postmarked on or before the end of the Opt Out Period.

For a Request for Exclusion to be properly completed and executed, it must: (a) list the caption of the lawsuit *Dugan v. Nationstar Mortgage LLC, M.D.N.C., Case No. 1:21-cv-341*; (b) state the Settlement Class Member's full name, address and telephone number; (c) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (d) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion. Settlement Class Members cannot exclude themselves from this Settlement by means of a "mass" or "class" exclusion.

1.37. "Service Award" means such funds as may be awarded by the Court to the Representative Plaintiffs in recognition of their time, effort, and service to the Settlement Class, expended in pursuing the Litigation and in fulfilling their obligations and responsibilities as the Representative Plaintiffs.

1.38. "Settlement" means the resolution of the matters within the scope of this Agreement and the Release set forth in this Agreement, and the completion of all conditions for Final Approval and all requirements set forth in the Final Approval Order.

1.39. "Settlement Administration" means the dissemination of Class Notice, the processing of Settlement Claims received from Settlement Class Members, the processing of payments of Approved Claims by the Settlement Administrator, and all other aspects of administration of the Settlement. The cost of Settlement Administration will be paid from Settlement Fund A.

1.40. "Settlement Administrator" means Angeion Group, or such other company experienced in administering class action claims generally and specifically those of the type provided for in the Litigation, as may be jointly agreed upon by the Settling Parties and approved by the Court.

1.41. "Settlement Claim" means a claim for settlement benefits made under the terms of this Agreement.

1.42. "Settlement Class" means all Persons throughout the United States whose mortgages were or are serviced by Nationstar, and who were subjected to the Incident. Defendants estimate and represent that there are approximately 480,000 accounts involved, and that the borrowers on these accounts were customers of Nationstar and were involved in the Incident. Excluded from the Settlement Class are (a) all Persons who Opt Out of or otherwise choose not to participate in, the Settlement; (b) any affiliate, parent, or subsidiary of Defendants; (c) any entity in which Defendants have a controlling interest; (d) any officers, directors or employees, or immediate family members of the officers, directors or employees, of Defendants; (e) any successors or assigns of Defendants; (f) any legal counsel or employee of legal counsel for Defendants; and (g) the presiding Judges in the Litigation, as well as the Judges' staff and their immediate family members.

1.43. "Settlement Class Member" means a member of the Settlement Class.

1.44. "Settlement Fund" means Settlement benefits to Settlement Class Members in the aggregate amount of $10,550,000, comprised of the following:

>     (a)   "Settlement Fund A" means a monetary common fund of $5,000,000 to compensate Settlement Class Members whose accounts were subjected to the Incident.

(b) "Settlement Fund B" means a claims made fund of up to $1,000,000 to compensate Settlement Class Members for their unreimbursed actual damages caused by the Incident.

(c) "Settlement Fund C" means a separate monetary fund of $500,000 to supplement the money in Settlement Fund A.

(d) Defendants will forgive and waive any entitlement to recover from the Settlement Class Members the $2,860,000 in overpayments made by ACI to approximately 1,200 Settlement Class Members relative to the Incident.

(e) Defendants will forgive and waive any entitlement to recover from the Settlement Class Members the approximately $190,000 actual damages payments made by Nationstar to Settlement Class Members relative to the Incident.

(f) ACI shall provide non-monetary relief to the Settlement Class in the form of business practices changes valued at $1,000,000.

1.45. "Settling Parties" means, collectively, Defendants and Representative Plaintiffs, individually and on behalf of the Settlement Class.

1.46. "Unknown Claims" means any of the Released Claims that Representative Plaintiffs do not know or suspect to exist in their favor or in favor of any member of the class they represent at the time of the release of the Released Persons that, if known, might have affected their settlement with, and release of, the Released Persons, or might have affected their decision to participate in this Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Representative Plaintiffs and Settlement Class Members expressly shall have, and by operation of the Final Approval Order shall have, released any and all Released Claims, including Unknown Claims, and waived the provisions, rights, and

14

benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Representative Plaintiffs and Settlement Class Members may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs and Settlement Class Members expressly shall have, and by operation of the Final Approval Order shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including Unknown Claims related to the Incident.

1.47.   As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise. All references to "days" shall be interpreted to mean calendar days unless otherwise expressly stated. When a deadline or date falls on a weekend or a legal holiday, the deadline or date shall be extended to the next day that is not a weekend day or legal holiday.

1.48.   Other terms are defined in the text of this Agreement, and shall have the meaning given to those terms in the text. It is the intent of the Parties in connection with all documents related to the Settlement that defined terms as used in other documents shall have the meaning given to them in this Agreement.

## II.      SETTLEMENT RELIEF

2.1.    In consideration for the Settlement and Release provided herein, the Defendant or Defendants specified in each subsection below will provide the following Settlement relief to Settlement Class Members:

(a)    "Settlement Fund A" — Within 30 days after entry of the Preliminary Approval Order, ACI shall pay $5,000,000 into a non-reversionary common fund to be held in trust by the Settlement Administrator to compensate Settlement Class Members whose accounts were subjected to the Incident. The maximum claim amount is $100 per claimant; however, the $100 payment may increase or decrease as set forth in ¶¶ 7.3.1 and 7.3.2. The Settlement Fund A common fund will be used to pay (i) all claims, monetary benefits, or payments to the Settlement Class, (ii) any Attorneys' Fees and Expenses Reimbursement to Class Counsel as awarded by the Court; (iii) any Service Awards to the Representative Plaintiffs; (iv) all Settlement Administration costs associated with the provision of Class Notice to the Settlement Class and administration of the Settlement. Any funds remaining in Settlement Fund A after payment of the Attorneys' Fees and Expenses Reimbursement, Service Awards, and Settlement Administration costs shall be paid to the claimants pro rata.

(b)    "Settlement Fund B" — ACI will set aside $1,000,000 for a separate claims made fund to compensate Settlement Class Members for their unreimbursed actual damages arising out of the Incident. There will be no cap on an actual damages claim payment. However, if an actual damages claim exceeds $750, counsel for the Settling Parties shall first attempt to reach agreement on the claim payment, and if they cannot reach an agreement, then that claim will be

16

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

submitted to a third-party neutral for a binding resolution. Within 30 days after the deadline for the Settlement Administrator to make a final determination on Settlement Claims (set forth in ¶ 7.2.2), ACI shall pay the Settlement Administrator the amount of money to pay all of the approved Settlement Fund B claims.

(c) "Settlement Fund C" — If more than 4% of the Settlement Class Members (19,200) and less than 8% (38,400) of the Settlement Class Members submit Approved Claims for payment from Settlement Fund A, then ACI will contribute $250,000 to Settlement Fund C which shall be paid to the Settlement Administrator within 30 days after the deadline for the Settlement Administrator to make a final determination on Settlement Claims (set forth in ¶ 7.2.2). Each Settlement Class Member who submits an Approved Claim for a Settlement Fund A payment will be eligible to receive up to $100, and any amount in Settlement Fund A and the additional $250,000 from Settlement Fund C will be distributed pro rata amongst the people who submit Approved Claims in Settlement Fund A. If more than 8% of the Settlement Class Members (38,400) submit Approved Claims for payment from Settlement Fund A, then ACI will contribute an additional $250,000 (*i.e.*, for a total of $500,000) to Settlement Fund C which shall be paid within 30 days after the deadline for the Settlement Administrator to make a final determination on Settlement Claims (set forth in ¶ 7.2.2). Each Settlement Class Member who submits an Approved Claim for a Settlement Fund A payment will be eligible to receive up to $100, and any amount in Settlement Fund A and the additional $500,000 from Settlement Fund C will be

distributed pro rata amongst the people who submit Approved Claims in Settlement Fund A. Any amounts not used for or from Settlement Fund C will revert to ACI.

(d)  Defendants will forgive and waive any entitlement to recover from the Settlement Class Members the $2,860,000 in overpayments made by ACI to approximately 1,200 Settlement Class Members relative to the Incident. Defendants will provide a list of the names and addresses of these individuals to Class Counsel and the Settlement Administrator as part of the Class List.

(e)  Defendants will forgive and waive any entitlement to recover from the Settlement Class Members the approximately $190,000 actual damages payments made by Nationstar to Settlement Class Members relative to the Incident. Defendants will provide a list of the names and addresses of these individuals to Class Counsel and the Settlement Administrator as part of the Class List.

(f)  ACI shall provide non-monetary relief to the Settlement Class valued at $1,000,000. Within 30 days after entry of the Preliminary Approval Order, ACI will provide evidentiary support for that valuation via a declaration regarding the business practices changes that it has implemented and/or will implement to ensure that the Incident will not occur in the future.

2.2.   Claims Process for Settlement Fund A. Settlement Class Members seeking an Award from Settlement Fund A under this Agreement must complete and submit a written Claim Form to the Settlement Administrator, postmarked or submitted electronically in accordance with the requirements for electronic submission of a Claim Form, on or before the Claims Deadline. The Claim Form must be signed by the Settlement Class Member with a statement that his or her

18

claim is true and correct to the best of his or her belief. Claimants shall not be required to attest to the claim under penalty of perjury, or attest that they suffered unreimbursed actual damages. There is no requirement that a Settlement Class Member suffered unreimbursed actual damages in order for a Settlement Class Member to submit a claim for benefits from Settlement Fund A.

2.2.1.   Excluded from participating in Settlement Fund A are those individuals who received an overpayment from ACI (*i.e.*, they are part of the $2,860,000 in overpayments referenced in ¶ 2.1(d)) or a payment from Nationstar (*i.e.*, they are part of the approximately $190,000 actual damages payments referenced in ¶ 2.1(e)), provided that their overpayment/payment was greater than $100. Individuals who received less than a $100 overpayment/payment may submit a claim and recover an amount equaling the difference between their overpayment/payment and $100, subject to the pro rata adjustments set forth in ¶¶ 7.3.1 and 7.3.2. Defendants will provide the Settlement Administrator with a list of the individuals who received an overpayment and/or payment, and the amount of their respective overpayments/payments, as part of the Class List no later than 21 days after full execution of this Agreement.

2.3.   Claims Process for Settlement Fund B. Settlement Class Members seeking an Award from Settlement Fund B under this Agreement must complete and submit a written Claim Form to the Settlement Administrator, postmarked or submitted electronically in accordance with the requirements for electronic submission of a Claim Form, on or before the Claims Deadline. The Claim Form must be signed by the Settlement Class Member with a statement that his or her claim is true and correct to the best of his or her belief. Claimants shall not be required to attest to the claim under penalty of perjury. Claimants shall attest that they suffered unreimbursed actual damages, and submit documentary proof of their unreimbursed actual damages along with their Claim Form. Actual damages need not consist of actual out-of-pocket expenses, but shall instead

19

generally include pecuniary or non-pecuniary injury proximately caused by the Defendants' conduct alleged in the Litigation. Any individuals who already received compensation from Nationstar and/or ACI as referenced in ¶¶ 2.1(d) and 2.1(e) may recover benefits from Settlement Fund B if they have incurred unreimbursed actual damages that exceed the amounts they already have been paid. These individuals may submit a claim and recover an amount equaling the difference between their overpayment/payment and $100, subject to the pro rata adjustments set forth in ¶¶ 7.3.3 and 7.3.4.

### III.  PRELIMINARY SETTLEMENT APPROVAL AND FINAL APPROVAL

3.1.    Preliminary Approval. As soon as practicable after the execution of the Agreement, Class Counsel shall submit this Agreement to the Court and file a motion for preliminary approval of the Settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as Exhibit D, or an order substantially similar to such form, which shall seek Preliminary Approval including:

(a)    Preliminarily certify the Settlement Class for settlement purposes only and preliminarily approve this Agreement for purposes of issuing Class Notice;

(b)    Appoint the Representative Plaintiffs as the Settlement Class representatives, for settlement purposes only;

(c)    Appoint Class Counsel as counsel of the Settlement Class, for settlement purposes only;

(d)    Approve the Notice Program, as set forth in Section IV;

(e)    Approve the form and contents of a Postcard Notice substantially similar to the one attached hereto as Exhibit B to be sent to Settlement Class Members, and a Long Notice to be posted on the settlement website substantially similar to the one attached hereto as Exhibit C, which together shall include a fair

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

summary of the Settling Parties' respective litigation positions, the general terms of the Settlement set forth in this Agreement, instructions for how to object to or submit a Request for Exclusion from the Settlement, the process and instructions for making Settlement Claims to the extent contemplated herein, and the date, time and place of the Final Approval Hearing;

(f)   Approve a Claim Form substantially similar to that attached hereto as Exhibit A;

(g)   Appoint the Settlement Administrator;

(h)   Schedule an appropriate Opt Out Date, Objection Deadline, and other settlement- related dates and deadlines to be included in the Class Notice; and

(i)   Schedule the Final Approval Hearing.

3.1.1.   Defendants will not oppose entry of the Preliminary Approval Order so long as it is substantially in the form attached to this Agreement as Exhibit D, and is otherwise consistent with this Agreement.

3.1.2.   As soon as practicable after entry of the Preliminary Approval Order, the Parties shall jointly move to stay all proceedings in each of the lawsuits in the Litigation, other than those related to approval of the Settlement in *Dugan v. Nationstar Mortgage LLC*, M.D.N.C., Case No. 1:21-cv-341.

3.2.   Final Approval. Class Counsel and Defendants' counsel shall request that the Court hold a Final Approval Hearing after Class Notice is completed, and grant Final Approval of the Settlement set forth herein.

3.2.1   The proposed Final Approval Order that shall be filed with the motion for final approval and shall be as agreed upon by Defendants and Class Counsel and shall seek Final Approval, including:

21

(a)    Determine that the Agreement is fair, adequate, and reasonable;

(b)    Finally certify the Settlement Class for settlement purposes only;

(c)    Determine that the Notice Program satisfies due process requirements;

(d)    Dismiss all claims in the Litigation with prejudice;

(e)    Bar and enjoin any Settlement Class Members who did not timely opt out in accordance with the requirements of the Agreement from asserting any of the Released Claims; and

(f)    Release and forever discharge Defendants and the Released Persons from the Released Claims, as provided for in this Agreement.

3.2.2.   Upon the Effective Date, Anita Friday and Dwayne Friday agree and represent that they will not refile their lawsuit *Friday v. Nationstar Mortgage LLC*, W.D.N.C., Case No. 1:21-cv-165, against Defendants or any Released Persons, and they will not bring any other Released Claims against Defendants or any Released Persons.

3.2.3.   Upon the Effective Date, the Parties shall jointly stipulate to dismiss all of the remaining lawsuits in the Litigation with prejudice.

## IV.    __NOTICE PROGRAM__

4.1.    The Settlement Administrator shall cause Class Notice to be disseminated to the Settlement Class pursuant to the Preliminary Approval Order and the Notice Program as described below, and in compliance with all applicable laws, including, but not limited to, the Due Process clause of the United States Constitution and Federal Rule of Civil Procedure 23, and be effectuated pursuant to the provisions set forth below, the costs of which shall be costs of Settlement Administration.

4.2.    Settlement Class List. No later than 21 days after full execution of this Agreement, Defendants will provide the Settlement Administrator with the Class List in Excel format that

includes, to the extent available, the information set forth in ¶ 1.10.

4.3.    Class Notice shall be provided to the Settlement Class as follows:

4.3.1.   Direct Notice via U.S. Mail to Class Members.  Within 30 days after the date of entry of the Preliminary Approval Order, the Settlement Administrator shall send Postcard Notice via First Class U.S. Mail, postage pre-paid, to Settlement Class Members. Within 20 days after sending such Postcard Notice, the Settlement Administrator shall undertake reasonable efforts to confirm the address, and to resend notice, for any Settlement Class Members for which the Settlement Administrator receives returned mail from the U.S. Postal Service indicating that the initial mailing of the Postcard Notice was not delivered.

4.3.2.   Settlement Website. Within 30 days after the date of entry of the Preliminary Approval Order, the Settlement Administrator shall establish a dedicated settlement website at www.ACHLoanPaymentLitigation.com (or a similarly named website that does not include the name "Nationstar" or "Mr. Cooper" if that name is unavailable) that includes this Agreement, the Preliminary Approval Order entered by the Court, the Long Notice, and the Claim Form approved by the Court. The settlement website shall also have a downloadable Claim Form, and a Claim Form that can be completed electronically on the website. The Settlement Administrator shall maintain and update the website throughout the Claims Period. The Settlement Administrator will also post on the settlement website copies of the motion for final approval of the Settlement, and the motion for an Attorneys' Fees and Expenses Reimbursement and Service Awards. A toll-free number with interactive voice response, FAQs and an option to speak to a live operator shall also be made available by the Settlement Administrator to address inquiries.

4.3.3.   CAFA Notice. Pursuant to 28 U.S.C. § 1715, not later than 10 days after the Agreement is filed with the Court, Defendants shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United

23

States, and other required government officials, notice of the proposed settlement as required by law.

4.4. The Notice Program shall be subject to approval by the Court as meeting the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

4.5. The Postcard Notice, Long Notice, and Claim Form approved by the Court may be adjusted by the Settlement Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and necessary and not inconsistent with such approval.

4.6. Prior to the Final Approval Hearing, counsel for the Settling Parties shall cause to be filed with the Court an appropriate declaration from the Settlement Administrator demonstrating compliance with the Court-approved Notice Program. Within 14 days after the Opt Out Date and Objection Deadline, the Settlement Administrator will provide the Parties' counsel with a declaration attesting to the Class Notice provided, and the number of Opt Outs and objections received.

## V. <u>OPT OUT PROCEDURES</u>

5.1. Each Settlement Class Member wishing to exclude himself or herself from the Settlement Class must individually sign and timely mail a written Request for Exclusion to the address designated by the Settlement Administrator.

5.2. To be effective, a Request for Exclusion must be postmarked no later than 75 days after the date of entry of the Preliminary Approval Order.

5.3. Within 14 days after the Opt Out Date, the Settlement Administrator shall provide the Settling Parties with a complete and final list of all Opt Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusion. Class Counsel shall present to the Court the number of opt-outs (if any) as part of the motion for final approval of the Settlement, which shall include the name of each

Opt Out.

5.4.    All persons who Opt Out from the Settlement Class shall not receive any benefits of or be bound by the terms of this Agreement. All persons falling within the definition of the Settlement Class who do not Opt Out shall be bound by the terms of this Agreement and the Final Approval Order entered thereon.

5.5.    If more than 1,500 Settlement Class Members timely and validly Opt Out, then any Party may, in its sole discretion, at any time on or before 21 days after the Opt Out Date, notify counsel for the other Parties in writing that it has elected to terminate this Agreement. If this Agreement is terminated, it will be deemed null and void ab initio and the provisions in ¶ 10.4 shall apply.

## VI.    OBJECTION PROCEDURES

6.1.    Each Settlement Class Member who does not file a timely Request for Exclusion may file a notice of intent to object to the Settlement. The Class Notice shall instruct Settlement Class Members who wish to object to the Agreement to send their written objections to the following:

| Class Counsel | Defendants' Counsel | Clerk of Court |
|---|---|---|
| Scott C. Harris | Claire Gianotti | Clerk of U.S. District Court |
| Milberg Coleman Bryson | Jones Day | Hiram H. Ward Federal |
| Phillips Grossman PLLC | 250 Vesey Street | Building & Courthouse |
| 900 W. Morgan Street | New York, NY 10281 | 251 N. Main Street |
| Raleigh, NC 27603 | | Winston-Salem, NC 27101 |

The Class Notice shall advise Settlement Class Members of the deadline for submission of any objections.

6.2.    All such notices of an intent to object to the Agreement must be written, list the name of the lawsuit *Dugan v. Nationstar Mortgage LLC, M.D.N.C., Case No. 1:21-cv-341*, and include all of the following: (i) the objector's full name, address, telephone number, and email

25

address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any counsel representing the objector; (vi) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel ("Notice of Intent to Appear"); (vii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative.

6.3.    The Notice of Intent to Appear must: (1) state how much time the Settlement Class Member anticipates needing to present the objection; (2) identify, by name, address, and telephone number, all witnesses the Settlement Class Member proposes to have testify; (3) summarize in detail the anticipated testimony of all such witnesses; (4) identify all exhibits the Settlement Class Member intends to offer in support of the objection; and (5) attach complete copies of all such exhibits.

6.4.    If the objection is made through an attorney, the written objection must also include: (1) the identity and number of the Settlement Class Members represented by objector's counsel; (2) the number of such represented Settlement Class Members who have opted out of the Settlement Class; and (3) the number of such represented Settlement Class Members who have remained in the Settlement Class and have not objected. If the attorney intends to seek fees and expenses from anyone other than the objector(s) that he or she represents, the attorney shall also file with the Court and serve upon Class Counsel and counsel for Defendants not later than 15 days

before the Final Approval Hearing, or as the Court may otherwise direct, a document containing the following: (a) the amount of fees sought by the attorney for representing the objector(s) and the factual and legal justification for the fees being sought; (b) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (c) the number of hours already spent by the attorney, and an estimate of the hours to be spent in the future; and (d) the attorney's hourly rate.

6.5.    The Parties shall have the right to take discovery, including via subpoenas *duces tecum* and depositions, from any objector. Objectors must make themselves available for deposition by counsel for the Parties between the time the objection is filed and a date no later than 10 days before the Final Approval Hearing, and the objection must include the dates when the objector is available for his or her deposition.

6.6.    To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline.

6.7.    Except upon a showing of good cause, any Settlement Class Member who fails to comply with the requirements in Section VI for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Agreement, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Agreement shall be through the provisions of Section VI.

## VII.    SETTLEMENT ADMINISTRATION

7.1.    The Settlement Administrator shall administer and calculate the Settlement Claims submitted by Settlement Class Members. Class Counsel and Defendants' counsel shall periodically be given reports as to both Settlement Claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The determination by the Settlement Administrator of the validity or invalidity of

27

all Settlement Claims shall be binding, subject to the dispute resolution process set forth in ¶ 7.2.

7.2.    For each Settlement Claim submitted, the Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; and (2) the claimant has provided all information required to complete the Claim Form by the Claims Deadline. The Settlement Administrator may, at any time, request from the claimant, in writing, additional information as the Settlement Administrator may reasonably require in order to evaluate the Settlement Claim.

7.2.1.  Upon receipt of an incomplete or unsigned Claim Form, the Settlement Administrator shall request additional information and give the claimant 14 days to cure the defect before rejecting the Settlement Claim. Such requests shall be made within 21 days after the Claims Deadline. In the event of unusual circumstances interfering with compliance during the 14-day period, the claimant may request and, for good cause shown shall be given, a reasonable extension of the 14-day deadline in which to comply; however, in no event shall the deadline be extended past the Effective Date. If the defect is not cured, then the Settlement Claim will be deemed invalid and there shall be no obligation to pay the Settlement Claim.

7.2.2.  Following receipt of additional information requested by the Settlement Administrator pursuant to ¶ 7.2.1, the Settlement Administrator shall have 14 days to accept, in whole or lesser amount, or reject each Settlement Claim. If after review of the Settlement Claim and additional information submitted by the claimant, the Settlement Administrator determines that such a Settlement Claim is valid, then the Settlement Claim shall be paid within the time period provided by ¶ 7.6. If the Settlement Claim remains invalid because the claimant does not provide the requested information needed to complete the Claim Form and evaluate the Settlement Claim, then the Settlement Administrator may reject the Settlement Claim without any further action apart from providing a notice of rejection of the Settlement Claim.

28

7.3.    The Settlement Administrator shall adjust the payment amount of all Awards as follows:

7.3.1.  If the total dollar value of all Approved Claims for Settlement Fund A benefits at the payment amounts set forth in ¶¶ 2.1 and 2.2 is less than the amount remaining in Settlement Fund A (plus Settlement Fund C payments, if any) after the Claims Deadline has passed and after the Attorneys' Fees and Expenses Reimbursement, the Service Awards, and Settlement Administration costs have been paid in full out of Settlement Fund A, the payment amount for all Approved Claims from Settlement Fund A shall be increased pro rata among all Settlement Class Members who submitted Approved Claims for Settlement Fund A benefits.

7.3.2.  If the total dollar value of all Approved Claims for Settlement Fund A benefits at the payment amounts set forth in ¶¶ 2.1 and 2.2 exceeds the amount remaining in Settlement Fund A (plus Settlement Fund C payments, if any) after the Claims Deadline has passed and after the Attorneys' Fees and Expenses Reimbursement, the Service Awards, and Settlement Administration costs have been paid in full out of Settlement Fund A, the payment amount for all Approved Claims from Settlement Fund A shall be reduced pro rata among all Settlement Class Members who submitted Approved Claims for Settlement Fund A benefits.

7.3.3.  If the total dollar value of all Approved Claims for Settlement Fund B benefits at the payment amounts set forth in ¶¶ 2.1 and 2.3 is less than the $1,000,000 allocated to pay valid claims made in Settlement Fund B after the Claims Deadline has passed, the payment amount for all Approved Claims from Settlement Fund B shall be the approved amount of each claim.

7.3.4.  If the total dollar value of all Approved Claims for Settlement Fund B benefits at the payment amounts set forth in ¶¶ 2.1 and 2.3 exceeds the amount remaining in Settlement Fund B after the Claims Deadline has passed, the payment amount for all Approved

Claims from Settlement Fund B shall be reduced pro rata among all Settlement Class Members who submitted Approved Claims for Settlement Fund B benefits.

7.4.    Within 14 days after the deadline for the Settlement Administrator to make a final determination on Settlement Claims (set forth in ¶ 7.2.2), the Settlement Administrator will provide the Parties' counsel with a declaration attesting to the number of claims submitted, and number and amount of Approved Claims.

7.5.    The Settlement Administrator shall agree to hold Settlement Fund A in a non-interest-bearing account, and administer the Settlement Fund, subject to the continuing jurisdiction of the Court and from the earliest possible date, as a qualified settlement fund as defined in Treasury Regulation § 1.468B-1, et seq. Any taxes owed by Settlement Fund A shall be paid by the Settlement Administrator out of Settlement Fund A.

7.6.    The Settlement Administrator will mail Award checks or send funds electronically (in an electronic payment format recommended by the Settlement Administrator, such as PayPal, and agreed-upon by the Parties) for Approved Claims within 14 days after the deadline for the Settlement Administrator to make a final determination on Settlement Claims (set forth in ¶ 7.2.2). No distributions will be made without authorization from the Parties' counsel. The Settlement Administrator will conduct skip tracing and re-send checks that were returned as undeliverable. Award checks shall be valid for a period of 180 days from issuance, and shall state, in words or substance, that the check must be cashed within 180 days, after which time it will become void. In the event a settlement check becomes void, the Settlement Class Member to whom that settlement check was made payable will forfeit the right to payment and will not be entitled to have the check reissued or to any further distribution from the Settlement Fund or to any further recourse against the Parties, the Parties' counsel, or Released Persons, and the Agreement and Release will in all other respects be fully enforceable against the Settlement Class Member. No later than 190 days

30

from the issuance of the Award checks, the Settlement Administrator shall take all steps necessary to stop payment on any Award checks that remain uncashed.

7.7.     If there is any balance remaining in the Settlement Fund A account 90 days after the Settlement Administrator completes the process for stopping payment on any Award checks that remain uncashed, these funds shall be distributed to the following *cy pres* recipient: United Way Worldwide. The funds distributed pursuant to the *cy pres* provision set forth in this Paragraph shall not be considered unclaimed property under the laws of any state.

7.8.     No Person shall have any claim against the Settlement Administrator, Defendants, Defendants' counsel, Class Counsel, and/or the Representative Plaintiffs based on distributions of benefits to Settlement Class Members or to the *cy pres* recipient named herein, if applicable.

7.9.     All Settlement Class Members who fail to timely submit a valid Settlement Claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Agreement, the Releases contained herein and the Final Approval Order.

## VIII.   <u>RELEASES</u>

8.1.     Upon the Effective Date, and in consideration of the settlement benefits described herein, each Settlement Class Member, including Representative Plaintiffs, whether or not he or she received an Award, will be deemed by this Agreement and by operation of the Final Approval Order to have completely and unconditionally released, forever discharged and acquitted the Released Persons from any and all of the Released Claims, and Representative Plaintiffs will be deemed to have also released Unknown Claims.

8.2.     The Agreement shall be the sole and exclusive remedy for any and all Released

Claims of Settlement Class Members. Upon entry of the Final Approval Order, each member of the Settlement Class shall be barred from initiating, asserting, or prosecuting against any Released Person any claims, including Unknown Claims, that are released by operation of the Agreement and the Final Approval Order.

### IX. CLASS COUNSEL'S ATTORNEYS' FEES AND REPRESENTATIVE PLAINTIFFS' SERVICE AWARDS

9.1.    Class Counsel shall apply to the Court for an award of reasonable attorneys' fees in an amount not to exceed one-third of the $10,550,000 Settlement Fund, plus reimbursed expenses. Class Counsel will apply to the Court for such approval as ordered by the Court. Defendants shall take no position with regard to Class Counsel's application for the Attorneys' Fees and Expenses Reimbursement if the application complies with the provisions of this Section. The Attorneys' Fees and Expense Reimbursement will be payable from Settlement Fund A.

9.2.    Class Counsel will request from the Court a Service Award for each of the Representative Plaintiffs in an amount up to and including $2500 each (not to exceed $25,000 in total), to be paid solely from Settlement Fund A. Defendants shall take no position with regard to the Representative Plaintiffs' request for Service Award payments to the extent they do not exceed this amount.

9.3.    The Settlement Administrator shall pay the Attorneys' Fees and Expenses Reimbursement and Service Awards from Settlement Fund A to Class Counsel as directed and agreed to by Class Counsel within 10 days after the Court executes an order (or orders) awarding such Attorneys' Fees and Expenses Reimbursement and Service Awards. The Attorneys' Fees and Expenses Reimbursement will be allocated among Class Counsel as agreed to in Class Counsel's Co-Counsel Agreement. In the event that the Effective Date does not occur, or the Final Approval Order or the order making the Attorneys' Fees and Expenses Reimbursement is reversed or

32

modified, or the Agreement is cancelled or terminated or modified for any other reason, and in the event that the Attorneys' Fees and Expenses Reimbursement has been paid to any extent, then Class Counsel shall, within 14 days after receiving notice from Defendants or from a court of appropriate jurisdiction, refund to the Settlement Fund, as appropriate, the amounts previously paid to Class Counsel, in an amount consistent with such reversal, modification, cancellation, or termination. Class Counsel, as a condition of receiving such fees and expenses, hereby agree that their respective law firms are each unconditionally obligated to make such refund of fees and expenses received by their respective law firms, and are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Section.

9.4.     The finality or effectiveness of the Agreement shall not depend upon the Court awarding any particular Attorneys' Fees and Expenses Reimbursement or Service Awards. No order of the Court, or modification or reversal or appeal of any order of the Court concerning the amount(s) of any attorneys' fees, expenses, and/or Service Award ordered by the Court to Class Counsel or Representative Plaintiffs shall affect whether the Judgment is final or constitute grounds for cancellation or termination of this Agreement.

## X.     CONDITIONS OF SETTLEMENT, CANCELLATION, OR TERMINATION

10.1.   This Agreement is subject to and conditioned upon the occurrence of all of the following events:

(a)     The Court has entered a Preliminary Approval Order as provided by ¶ 3.1;

(b)      There has been no termination of the Agreement as provided by ¶ 5.5;

(c)     The Court has entered a Final Approval Order as provided by ¶ 3.2; and

(d)     The Effective Date has occurred, as defined in ¶ 1.16.

10.2.   If all of the conditions in ¶ 10.1 are not fully satisfied and the Effective Date does not occur, the Agreement shall, without notice, be automatically terminated unless Class Counsel

33

and Defendants' counsel mutually agree in writing to proceed with the Agreement.

10.3.    This Agreement shall survive any Court order issued prior to a ruling on Plaintiffs' motion for final approval of the Settlement, including any order which has the effect of: (1) dismissing any of the lawsuits in the Litigation; (2) denying class certification; or (3) compelling arbitration of Plaintiffs' claims, and in any such case the Parties shall endeavor in good faith to pursue consummation of the Agreement on the terms herein to the extent practicable. Nothing herein is intended to waive any conditions to the effectiveness of the Settlement, including as described in ¶ 10.1 of this Agreement.

10.4.    In the event of termination, this Agreement shall have no further force or effect regarding the Settling Parties' rights. The Parties shall be restored to their respective positions in the Litigation as of the date of the signing of this Agreement, and the Parties shall be deemed to have preserved all of their rights or defenses, and shall not be deemed to have waived any substantive, evidentiary, procedural, or other rights of any kind that they have as to each other or any member of the Settlement Class.  Within 10 days after written notification of termination of this Agreement is sent to the other Parties, the Settlement Fund (including accrued interest thereon), less any Settlement Administration costs actually incurred, paid or payable and less any taxes and tax expenses paid, due or owing, shall be refunded by the Settlement Administrator to Defendants based upon written instructions provided by Defendants' counsel. The Settling Parties shall jointly request the respective courts to hold a scheduling conference in each lawsuit in the Litigation for the purpose of establishing a new case schedule.

10.5.    Defendants conditionally agree and consent to certification of the Settlement Class for settlement purposes only, and within the context of the Agreement only. If the Agreement, for any reason, is not finally approved or is otherwise terminated, Defendants reserve the right to assert any and all objections and defenses to certification of a class, and neither the Agreement nor any

order or other action relating to the Agreement shall be offered by any Person as evidence in support of a motion to certify a class for a purpose other than this Settlement.

## XI.    MISCELLANEOUS PROVISIONS

11.1.    The Settling Parties and their counsel agree to undertake commercially reasonable efforts and mutually cooperate to effectuate this Agreement and the terms of the proposed Settlement set forth herein, including taking all steps and efforts contemplated by this Agreement, and any other steps and efforts which may become necessary by order of the Court or otherwise. The Settling Parties further agree to defend this Agreement against objections made to the Settlement or the Final Approval Order at the Final Approval Hearing or in any appeal of the Final Approval Order or in any collateral attack on this Agreement or Final Approval Order.

11.2.    The Settling Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Agreement compromises claims that are contested and shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. The Settling Parties each agree that the Settlement and this Agreement were negotiated in good faith and at arm's-length by the Settling Parties, and reflects a Settlement that was reached voluntarily after consultation with competent legal counsel.

11.3.    The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

11.4.    Except as otherwise provided, this Agreement contains the entire agreement between the Settling Parties, and supersedes any prior agreements or understandings between them. All terms of this Agreement are contractual and not mere recitals, and shall be construed as if drafted by all Settling Parties to this Agreement. The terms of this Agreement are and shall be

binding upon each of the Settling Parties to this Agreement, their agents, attorneys, employees, successors and assigns, and upon all other Persons or entities claiming any interest in the subject matter hereof, including any Settlement Class Member.

11.5.    This Agreement shall be subject to, governed by, construed, and enforced pursuant to the laws of North Carolina.

11.6.    Any individual signing this Agreement on behalf of any Person represents and warrants that he or she has full authority to execute and enter into the terms and conditions of this Agreement on behalf of such Person.

11.7.    The Settling Parties and each Settlement Class Member irrevocably submit to the exclusive jurisdiction of the Court in *Dugan v. Nationstar Mortgage LLC*, M.D.N.C., Case No. 1:21-cv-341, for any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of the Agreement and its exhibits, but for no other purpose.

11.8.    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Agreement, including but not limited to those relating to all information exchanged for purposes of mediation or under the auspices of Federal Rule of Evidence 408.

11.9.    Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement or other document to be given by any Party to any other Party shall be in writing and delivered by email, if to Defendants to the attention of Defendants' counsel, or if to the Settlement Class to Class Counsel, or to other recipients as the Court may specify.

11.10.  This Agreement may be executed by the Settling Parties or their authorized representatives in one or more counterparts, each of which shall be deemed an original but all which together shall constitute one and the same instrument. Scanned signatures or signatures sent

36

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

by email or facsimile shall be as effective as original signatures.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

## IT IS SO AGREED TO BY THE PARTIES:

Dated: July 25, 2022

Marlene Dehner
MARLENE DEHNER

Dated: July 25, 2022

charita-d@msu.com
CHARITA DEVEREAUX

Dated: July 25, 2022

David Dugan
DAVID DUGAN

Dated: July 26, 2022

ANITA FRIDAY

Dated: July 26, 2022

DWAYNE FRIDAY

Dated: July 27, 2022

Latreece Jones
LATREECE JONES

Dated: July 25, 2022

Dawn keil
DAWN KEIL

Dated: July 27, 2022

Sharon Miller
SHARON MILLER

Dated: July 26, 2022

Brett Padalecki
BRETT PADALECKI

Dated: July 28, 2022

Dianne Thompson
DIANNE THOMPSON

38

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

**IT IS SO AGREED TO BY THE PARTIES:**

Dated:  July \_\_\_\_, 2022

_____

MARLENE DEHNER

Dated:  July \_\_\_\_, 2022

_____

CHARITA DEVEREAUX

Dated:  July \_\_\_\_, 2022

_____

DAVID DUGAN

Dated:  July \_\_\_\_, 2022

_____

ANITA FRIDAY

Dated:  July \_\_\_\_, 2022

_____

DWAYNE FRIDAY

Dated:  July \_\_\_\_, 2022

_____

LATREECE JONES

Dated:  July \_\_\_\_, 2022

_____

DAWN KEIL

Dated:  July \_\_\_\_, 2022

_____

SHURON MILLER

Dated:  July \_\_\_\_, 2022

_____

BRETT PADALECKI

Dated:  July \_\_\_\_, 2022

_____

DIANNE THOMPSON

Dated:  July _21_, 2022

NATIONSTAR MORTGAGE LLC

By: __LeAllen Frost__

Its: __Vice President & Assoc. General Counsel__

Date: July ____, 2022

8/2/2022 | 6:30:57 PM EDT

ACI PAYMENTS, INC.

By: __Dennis Byrnes__

Its: __EVP__

Date: July ____, 2022

8/2/2022 | 6:30:57 PM EDT

ACI WORLDWIDE CORP.

By: __Dennis Byrnes__

Its: __EVP__

Date: July ____, 2022

8/2/2022 | 6:30:57 PM EDT

ACI WORLDWIDE, INC.

By: __Dennis Byrnes__

Its: __EVP__

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

39

**IT IS SO STIPULATED BY COUNSEL FOR PLAINTIFFS:**

Date: July 25 , 2022                            DannLaw

                                                By: _Marc Dann_____
                                                    6FFA7CFB8F5840A...

Date: July 25 , 2022                            Rhine Law Firm, P.C.

                                                By: _Joel R. Rhine_____
                                                    40F91CCB30494B4...

Date: July 25 , 2022                            Zimmerman Law Offices, P.C.

                                                By: _Thomas A. Zimmerman_____
                                                    DCF615802B2E4D2...

Date: July 19th , 2022                          Milberg Coleman Bryson Phillips Grossman
                                                PLLC

                                                By: _Scott C. Harris_____
                                                    18ACC1E5C00245B...

Date: July 26 , 2022                            Maginnis Howard

                                                By: _Edward H. Maginnis_____
                                                    82E6EC236FF54ED...

Date: July 25 , 2022                            Maddox & Cisneros LLP

                                                By: _____
                                                    214075C470684D7...

40

Date: July 25___, 2022                    Kind Law

By: _Michael Kind_____

Date: July 26___, 2022                    Freedom Law Firm, LLC

By: _George Haines_____

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

41

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

## IT IS SO STIPULATED BY COUNSEL FOR DEFENDANTS:

Date: July _22_, 2022

McGuireWoods LLP

By:_____

*Counsel for Nationstar Mortgage LLC*

Date: July ____, 2022
    8/3/2022 | 10:24:58 AM EDT

Jones Day

By:_____
    Jayant W. Tambe
    63A2DD9A69DC4FD...

*Counsel for ACI Payments, Inc.,*
*ACI Worldwide Corp., ACI Worldwide, Inc.*

42

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

# EXHIBIT A

<table>
<tr><td>

MUST BE
SUBMITTED

NO LATER THAN
==[9 months after
Preliminary Approval]==

</td></tr>
</table>

## Claim Form

### ACH Loan Payment Class Action

For Office Use Only

If you received notice from Defendants ACI Worldwide, Inc., ACI Payments, Inc., ACI Payments, Inc. (collectively "ACI") or Nationstar Mortgage LLC ("Nationstar") (Nationstar and ACI are collectively, "Defendants") that there was Automated Clearinghouse ("ACH") activity with your banking account(s) between April 23-26, 2021 (the "Incident"), you may submit a claim. **CLAIMS MUST BE POSTMARKED OR FILED ONLINE NO LATER THAN ==[9 months after entry of Preliminary Approval Order]==**. Claims submitted after this date will not be considered, and you will not be paid.

By submitting a Claim Form, you may be entitled to receive the following benefits:

- **Monetary Compensation**: The Settlement consists of three separate payments by ACI, referred to as Funds A, B and C, as described below, and cover all claims, attorneys' fees and costs, service awards to the Class Representatives, costs of administrating the settlement, reimbursement for previously unreimbursed actual damages and non-monetary relief, valued at $1,000,000 in business practice changes.

  1. **Fund A Claims**. ACI will set aside $5 million to pay all Claims, Attorneys' Fees and Expenses, Service Awards and Settlement Administration costs associated with the Settlement. Each Settlement Class Member who submits a Claim Form may receive up to $100 unless such amount was previously paid to them by ACI or Nationstar as part of an overpayment. In the event that funds remain in Fund A after payment of the above items, all remaining amounts will be paid pro rata to Claimants.

  2. **Fund B Claims**. ACI will set aside $1 million to pay claims submitted by Settlement Class Members who can prove that they have suffered unreimbursed actual damages as a result of the Incident. There is no cap on the amount of such claims.

  3. **Fund C Claims**. Under this provision, ACI has agreed to pay up to an additional $500,000 to claimants based upon participation rates of Settlement Class Members who file claims within Fund A.

- **Additional Monetary Relief**. Defendants will forgive and waive any entitlement that they may have to recover from the Settlement Class $2,860,000 in overpayments made by ACI to approximately 1,200 Settlement Class Members, and approximately $190,000 in damages payments made by Nationstar to Settlement Class Members.

- **Non-Monetary Relief**. ACI has agree to provide non-monetary relief to the Settlement Class valued at $1,000,000. This will require ACI to provide evidence of implementing changes to its business practices so as to prevent a situation like the Incident from occurring in the future.

These Settlement Benefits will be distributed only if the Settlement is approved by the Court. For details regarding the benefits of the Settlement, please visit www.ACHLoanPaymentLitigation.com or call ==1-000-000-0000==.

Please note: The Settlement Administrator may contact you to request additional documents or information needed to process your claim.

## CLAIMANT INFORMATION

The information you provide below will be used only to contact you regarding the Settlement and process your claim. If your contact information changes after you submit your Claim, please notify us promptly by emailing the Settlement Administrator at _____.

First Name: _____ Middle Name: _____ Last Name: _____

Street Address: _____

City: _____State: _____ Zip: _____

Primary Phone Number: _____

Primary Email Address: _____
*(Your email address will only be used to communicate with you regarding the Settlement.)*

## CLAIM INFORMATION

*Please check all appropriate funds under which you are making a claim.*

☐ **Fund A**

Each Settlement Class Member who submits a Claim Form under Fund A may receive up to $100 unless such amount was previously paid to you by either ACI or Nationstar as part of an overpayment. There is no requirement that you have suffered any actual loss to submit a Claim under Fund A. Instead, the Settlement Agreement requires ACI to pay $5,000,000 into a non-reversionary trust held by the Settlement Administrator to pay all Fund A Claims, Attorneys' Fees and Expenses, Service Awards and costs associated with the Settlement Administration.

In the event that a balance remains in Fund A after payment of the above Claims and Expenses, all remaining amounts will be disbursed and paid pro rata to all Claimants filing a valid and timely Claim Form.

☐ **Fund B**

ACI will set aside $1 million to pay claims submitted by Settlement Class Members who have unreimbursed actual damages as a result of the Incident. Unlike Fund A, there is no cap on the amount of such claims.

If you are submitting a Claim for Fund B, please describe the actual damages you suffered as part of the Incident which remain unreimbursed to you. These damages may include out-of-pocket expenses you paid, or other losses or expenses you sustained as a result of the Incident. In order to recover those unreimbursed actual damages, you need to submit copies of documents and proof establishing all unreimbursed damages you suffered as a result of the Incident along with this Claim Form.

_____

_____

_____

2

Amount of Unreimbursed Actual Damages Suffered: _____

*Please do not submit original documents.  Instead, make a copy and retain the original for your files.*

☐ **Fund C**

Under this provision, ACI has agreed to pay additional sums to Claimants of Fund A based upon participation rates of Settlement Class Members who file Claims in Fund A.  If you have indicated you desire compensation under Fund A, you will automatically be considered eligible for Fund C funds in the event the participation rates are triggered as described further in the Settlement Agreement.

**<u>AFFIRMATION AND ACKNOWLEDGEMENT</u>:**

By signing below, I acknowledge that the above information is true and correct to the best of my belief. If I submit a Claim for compensation under Fund B, I further attest that I have suffered actual damages as a result of the Incident that remain unreimbursed.  I also understand that I may be asked to provide more information by the Settlement Administrator before my claim is considered complete.

Signature: _____    Date: _____

**CLAIMS MUST BE POSTMARKED OR FILED ONLINE NO LATER THAN**
**<mark>[9 months after entry of Preliminary Approval Order]</mark>**

**SUBMIT YOUR CLAIM ONLINE AT**
**www.ACHLoanPaymentLitigation.com**

**or**

**SUBMIT YOUR CLAIM VIA MAIL TO**
**<mark>ACH Litigation Settlement</mark>**
**<mark>c/o Settlement Administrator</mark>**
**<mark>P.O. Box ####</mark>**
**<mark>City, State Zip</mark>**

3

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

# EXHIBIT B

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

ACH Litigation Settlement
c/o Settlement Administrator
P.O. Box ####
City, ST ####-####

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

<<Barcode>>

Class Member ID: <<Refnum>>

<<FirstName>> <<LastName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

[BARCODE AREA]

### What is this about?

The lawsuit alleges that Defendants ACI Worldwide, Inc., ACI Payments, Inc., ACI Worldwide Corp. (collectively "ACI") and Nationstar Mortgage LLC ("Nationstar") (Nationstar and ACI are collectively, "Defendants") engaged in Automated Clearinghouse ("ACH") activity between April 23-26, 2021 relative to bank accounts belonging to borrowers of residential mortgages serviced by Nationstar (the "Incident").

### Who is included?

All persons throughout the United States whose mortgages were or are serviced by Nationstar, and who were subjected to the Incident.

### What can I get?

If the Court approves the Settlement, Settlement Class Members who submit a valid and timely Claim Form and documentation, if required, may be entitled to: (a) monetary compensation of $100 per claimant; (b) reimbursement for actual damages suffered; (c) Defendants waiving any entitlement to recover certain overpayments made to borrowers; and (d) non-monetary relief, including requiring ACI to implement changes to its business practices to prevent similar incidents in the future.

### How can I get a payment and/or Settlement benefits?

To make a claim and qualify for benefits under the Settlement Agreement, you must submit a valid Claim Form by mail or online by **[insert date - 9 months following entry of the Preliminary Approval Order]**. Claim Forms are available online at the website below or by calling (**1-000-000-0000**).

**www.ACHLoanPaymentLitigation.com**

### What are my rights?

**Do Nothing.** You will be legally bound by decisions of the Court, and you will give up any rights to sue the Defendants relative to the Incident.

**Opt-Out**. You will not be legally bound by the Settlement, cannot file a claim, and cannot get money or other benefits offered to the Settlement Class. You will keep your right to sue the Defendants for any claims relating to the Incident. Opt-out requests must be submitted postmarked by **[insert date – 75 days after entry of Preliminary Approval Order].**

**Object to the Settlement.** You may write to the Court and explain why you do not like the Settlement. Objections must be submitted postmarked by **[insert date – 75 days after entry of Preliminary Approval Order].** Complete instructions on how to exclude or object to the Settlement are available in the Full Notice available at www.ACHLoanPaymentLitigation.com.

### When will the Court approve the Settlement?

The Court will hold a Final Approval Hearing on **[insert date - 90 days after entry of Preliminary Approval Order]**, at the **[location]** to consider whether to approve the Settlement. The Court will hear any objections, determine if the Settlement is fair, and consider Class Counsel's request for fees of no more than one-third of the Settlement value, plus expenses, as well as Service Awards of $2,500 for each of the Class Representatives. You may attend the Final Approval Hearing and ask to be heard by the Court, but you do not have to. Petitions for attorney fees and costs will be posted on the website after they are filed with the Court.

**This is only a summary. For detailed information go to www.ACHLoanPaymentLitigation.com or call [1-000-000-0000]. You may contact the Settlement Administrator at ACH Litigation Settlement c/o Settlement Administrator, P.O. Box ####, City, ST ####-####.**

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

# EXHIBIT C

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

IN THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

## A Settlement Has Been Reached in a Class Action Lawsuit Against Several Defendants Related to ACH Entries on behalf of 480,000 Accounts/Clients Nationwide.

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement Agreement has been reached in several class action lawsuits against Defendants ACI Payments, Inc., ACI Worldwide Corp., ACI Worldwide, Inc., (collectively "ACI") and Nationstar Mortgage LLC d/b/a Mr. Cooper Group, ("Nationstar") (Nationstar and ACI are collectively, "Defendants"). These include the following cases: *Dugan v. Nationstar Mortgage LLC*, M.D.N.C., Case No. 1:21-cv-341; *Padalecki v. Nationstar Mortgage LLC*, D. Nev., Case No. 2:21-cv-938; *Jones v. Nationstar Mortgage LLC*, N.D. Ill., Case No. 1:21-cv-3217; *Keil v. Nationstar Mortgage LLC*, N.D.N.Y., Case No. 6:21-cv-697; *Miller v. Nationstar Mortgage LLC*, M.D. Fla., Case No. 8:21-cv-1349; *Dehner v. Nationstar Mortgage LLC*, E.D. Mich., Case No. 1:21-cv-11460; *Devereaux v. Nationstar Mortgage LLC, et al.*, C.D. Cal., Case No. 5:21-cv-873; and *Friday, et al. v. Nationstar Mortgage LLC*, W.D.N.C., Case No. 1:21-cv-165 (together, the "Actions"). All of these Actions, with the exception of *Dugan v. Nationstar*, will be stayed pending final approval of this Settlement with the U.S. District Court for the Middle District of North Carolina, which will retain jurisdiction of the matter for Settlement purposes.

- The Actions relate to Automated Clearinghouse (ACH) activity during the period April 23-26, 2021, which consisted of ACH entries being posted on customers' banking accounts (the "Incident").

- If you were affected by the Incident, you may be entitled to monetary compensation and other relief under the Settlement reached in the Actions.

- As part of this Settlement, the Defendants have agreed to pay eligible Settlement Class Members for certain types of claims, including both monetary and non-monetary relief. However, you must submit a claim using a Claim Form in order to receive benefits under the Settlement by **[insert date – 9 months after entry of Preliminary Approval Order]**.

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT.**
**READ THIS NOTICE CAREFULLY.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **FILE A CLAIM** | The only way to get benefits under this Settlement. You must file a claim by **[9 months after Preliminary Approval Order]**. |
| **ASK TO BE EXCLUDED** | Get no benefits. This is the only option that may allow you to sue the Defendants over the claims being resolved by this Settlement. You must exclude yourself by **[75 days after Preliminary Approval Order]**. |
| **OBJECT** | Write the Court about why you do not think this Settlement is fair, reasonable, or adequate. You must object by **[75 days after Preliminary Approval Order]**. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **IF YOU DO NOTHING** | Get no benefits. Give up your rights to sue the Defendants about the legal claims in this case. |

The Court still must decide whether to approve the Settlement. No payments will be made until after the Court grants Final Approval of the Settlement and all appeals, if any, are resolved.

*Note that any capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement. Additionally, to the extent there are any conflicts or inconsistencies between this form and the Settlement Agreement, the terms of the Settlement Agreement shall govern.*

This Settlement affects your legal rights even if you do nothing.
Questions? Go to www.ACHLoanPaymentLitigation.com or call **000-000-0000**.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ...........................................................................................................3

1. What is this Lawsuit about? ....................................................................................3

2. What is a class action? ...........................................................................................3

3. Why is there a settlement? .....................................................................................3

4. How do I know if I am a part of the Settlement? ...................................................3

**THE SETTLEMENT BENEFITS** .......................................................................................3

5. What relief is available to Settlement Class Members and how do I receive benefits?.......................3

6. What am I giving up to receive these benefits? .....................................................4

7. How much will the Class Representatives receive?................................................4

**THE LAWYERS REPRESENTING YOU** ..........................................................................4

8. Do I have a lawyer in this case?.............................................................................4

**EXCLUDE YOURSELF** .......................................................................................................5

9. I don't want to be part of this case.  How do I ask to be excluded? .....................5

**OBJECT** .................................................................................................................................5

10. How do I object to the Settlement? ........................................................................5

**THE FAIRNESS HEARING** ................................................................................................6

11. When and where will the Court decide whether to approve the Settlement? ........6

**GET MORE INFORMATION**...............................................................................................6

12. How do I get more information about the Settlement?...........................................6

This Settlement affects your legal rights even if you do nothing.
Questions? Go to www.ACHLoanPaymentLitigation.com or call **000-000-0000.**
Case 1:21-cv-00341-TDS-JEP   Document 71-2   Filed 08/05/22   Page 54 of 70

# BASIC INFORMATION

## 1. What is this lawsuit about?

The Actions included in this Settlement were filed on behalf of borrowers of residential mortgage loans serviced by Nationstar who experienced ACH activity within their banking accounts between April 23-26, 2021. The Actions asserted claims against the Defendants for (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., (2) violations of the North Carolina Debt Collection Act, N.C.G.S. § 75-50, et seq., (3) Negligence, (4) violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, (5) Conversion, (6), Violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1393, et seq., (7) violations of N.C.G.S. § 1-538.2, (8) Breach of Contract, (9) Civil Conspiracy, (10) violations of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, M.C.L. § 445-1672a, (11) violations of the Michigan Regulation of Collection Practices Act, M.C.L. § 445.252, et seq., (12) Unjust Enrichment, (13) Trespass to Chattels, (14) violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1, et seq., (15) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq., (16) violations of the New York General Business Law § 349, (17) violations of New York General Business Law § 350, (18) Breach of Fiduciary Duty, (19) violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq., (20) violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., (21) violations of the California Penal Code § 502, (22) violations of the Florida Consumer Collection Practices Act, Fla. Stat § 559.72(9), and (23) violations of Nevada Deceptive Trade Act, NRS 598.0915, et seq., arising from and related to the Incident. The Actions request an award of monetary damages as well as non-monetary relief including requiring Defendants to forgive and waive any entitlement to recover from certain overpayments, and compelling ACI to implement changes to its business practices to prevent similar incidents in the future.

The Defendants deny any wrongdoing and deny all claims asserted against them in the Actions. The parties have agreed to settle the Actions to avoid the cost, delay, and uncertainty of litigation.

You can obtain and read copies of the relevant pleadings in the Actions, the Settlement Agreement, and other case documents, as well as download a Claim Form, at www.ACHLoanPaymentLitigation.com.

## 2. What is a class action?

In a class action, Class Representatives (who serve as named plaintiffs), sue on behalf of a group (or a "Class") of people. Here, the Class Representatives, as identified in the individual Actions above, sued on behalf of borrowers of Nationstar-serviced mortgages who incurred ACH activity within their banking accounts between April 23-26, 2021.

## 3. Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the Parties reached a Settlement as to the claims of Plaintiffs and the Settlement Class.

## 4. How do I know if I am a part of the Settlement?

For settlement purposes, the Court has certified a Settlement Class consisting of all people who meet the following definition: "All persons throughout the United States whose mortgages were or are serviced by Nationstar, and who were subjected to the Incident."

# THE SETTLEMENT BENEFITS

## 5. What relief is available to Settlement Class Members and how do I receive benefits?

To obtain a recovery, you must submit a Claim Form and any requested documentation. The benefits to Class Members consist of the following forms of relief:

- Monetary Compensation: The Settlement consists of three separate payments by ACI, referred to as Funds A, B and C, as described below, and cover all claims, attorneys' fees and costs, service awards to the Class Representatives, costs of administrating the settlement, reimbursement for previously unreimbursed actual damages, and non-monetary relief valued at $1,000,000 in business practice changes.

- Fund A Claims. ACI will set aside $5 million to pay all claims, attorneys' fees and costs, service awards and settlement administration costs associated with the Settlement. Each Settlement Class Member who submits a Claim Form may receive up to $100 unless such amount was previously paid to them by ACI or Nationstar as part of an overpayment. In the event that funds remain in Fund A after payment of the above claims and expenses, any remaining amounts will be paid pro rata to claimants. The amount paid to claimants may increase or decrease pro rata depending on the amount of Approved Claims.

This Settlement affects your legal rights even if you do nothing.
Questions? Go to www.ACHLoanPaymentLitigation.com or call **000-000-0000.**
Case 1:21-cv-00341-TDS-JEP   Document 71-2   Filed 08/05/22   Page 55 of 70

- Fund B Claims. ACI will set aside $1 million to pay claims submitted by Settlement Class Members who can prove that they have suffered unreimbursed actual damages as a result of the Incident. Actual damages may include out-of-pocket expenses you paid, or other losses or expenses you sustained as a result of the Incident. There is no cap on the amount of such claims.

- Fund C Claims. Under this provision, ACI has agreed to pay up to an additional $500,000 to claimants based upon participation rates of Settlement Class Members who file claims within Fund A.

- Additional Monetary Relief. Defendants will forgive and waive any entitlement that they may have to recover from the Settlement Class $2,860,000 in overpayments made by ACI to approximately 1,200 Settlement Class Members, and approximately $190,000 in damages payments made by Nationstar to Settlement Class Members.

- Non-Monetary Relief. ACI has agree to provide non-monetary relief to the Settlement Class valued at $1,000,000. This will require ACI to provide evidence of implementing changes to its business practices so as to prevent similar ACH activity from occurring in the future.

You can submit an electronic Claim Form or download one at www.ACHLoanPaymentLitigation.com and mail it to:

ACH Litigation Settlement
c/o Settlement Administrator
P.O. Box _____ _____
[city], [state] [zip]

**Again, all claim forms must be submitted online, or mailed and postmarked, no later than [insert date - 9 months after entry of Preliminary Approval Order].**

## 6. What am I giving up to receive these benefits?

By staying in the Class, all of the Court's orders will apply to you, and you give the Defendants a "release." A release means you cannot sue or be part of any other lawsuit against the Defendants about the claims or issues in these Actions (relating to the Incident), and you will be bound by the Settlement. The specific claims you are giving up against the Defendants are called "Released Claims." The Released Claims are described in Section VIII of the Settlement Agreement, which is available under the Documents page at www.ACHLoanPaymentLitigation.com. The Settlement Agreement describes the Released Claims with specific and accurate legal descriptions, so read it carefully.

## 7. How much will the Class Representatives receive?

The ten (10) Class Representatives in the Actions will receive a portion of the Settlement as they would if they elect to submit a Claim. These Class Representatives will also each receive a payment of up to $2,500 as a Service Award for having pursued this action on behalf of themselves and Settlement Class Members. Service Awards are subject to Court approval.

## THE LAWYERS REPRESENTING YOU

## 8. Do I have a lawyer in this case?

To represent the Class, the Court has appointed the following counsel as Class Counsel, who may be contacted at:

Norberto J. Cisneros
Maddox & Cisneros LLP
3230 S. Buffalo Drive
Suite 108
Las Vegas, NV 89117

Marc E. Dann
DANNLAW
15000 Madison Avenue
Lakewood, OH 44107

George Haines
FREEDOM LAW FIRM, LLC
8985 S. Eastern Avenue #350
Las Vegas, NV 89144

Scott C. Harris
Milberg Coleman Bryson
Phillips Grossman PLLC
900 W. Morgan Street
Raleigh, NC 27603

Michael Kind
KIND LAW
8860 S. Maryland Parkway
Suite 106
Las Vegas, NV 89123

Edward H. Maginnis
MAGINNIS HOWARD
7706 Six Forks Road
Raleigh, NC 27615

Joel R. Rhine
RHINE LAW FIRM, P.C.

Thomas A. Zimmerman, Jr.
ZIMMERMAN LAW OFFICES, P.C.

This Settlement affects your legal rights even if you do nothing.
Questions? Go to www.ACHLoanPaymentLitigation.com or call 000-000-0000.
Case 1:21-cv-00341-TDS-JEP   Document 71-2   Filed 08/05/22   Page 56 of 70

1612 Military Cutoff Road          77 W. Washington Street, Suite 1220
Suite 300                          Chicago, Illinois 60602
Wilmington, NC 28403

For litigating the case and negotiating the Settlement, Class Counsel will request from the Court an award of Attorneys' Fees, not to exceed one-third of the Settlement Value, plus Expenses. The award of any Attorneys' Fees and Expenses are subject to Court approval. You may hire your own attorney, but only at your own expense.

# EXCLUDE YOURSELF

## 9. I don't want to be part of this case. How do I ask to be excluded?

If you do not want to file a claim for compensation and benefits provided by the Settlement Agreement and you would like to keep the right to sue the Defendants relating to the Incident, then you must take steps to get out of the Settlement. This is called "excluding" yourself or "opting out" of the Settlement Class.

To exclude yourself, you must send a Request for Exclusion that:

(i)     Lists the caption of the lawsuit *Dugan v. Nationstar Mortgage LLC,* M.D.N.C., Case No. 1:21-cv-341;

(ii)    States your full name, address and telephone number;

(iii)   Contains your personal and original signature or the original signature of a person authorized by law to act on your behalf with respect to a claim or right such as those asserted in the Actions, such as a trustee, guardian or person acting under a power of attorney; and

(iv)    States unequivocally your intent to be excluded from the Settlement.

You must mail your exclusion request, postmarked no later than **[insert date – 75 days after entry of Preliminary Approval Order]** to:

**ACH Litigation Settlement**
c/o Settlement Administrator
P.O. Box _____
[city], [state] [zip]

# OBJECT

## 10. How do I object to the Settlement?

Any Settlement Class Member who has not requested to be excluded from the Settlement Class may object to the Settlement. In order to exercise this right, you must submit your written objection to the following:

Class Counsel                    Defendants' Counsel              Clerk of Court
Scott C. Harris                  Claire Gianotti                 Clerk of U.S. District Court
Milberg Coleman Bryson           Jones Day                       Hiram H. Ward Federal
Phillips Grossman PLLC           250 Vesey Street                Building & Courthouse
900 W. Morgan Street             New York, NY 10281              251 N. Main Street
Raleigh, NC 27603                                                Winston-Salem, NC 27101

Your objection must be postmarked no later than **[insert date – 75 days after entry of Preliminary Approval Order]** and include all of the following:

(i)     Your full name, address, telephone number, and email address (if any);

(ii)    Information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class;

(iii)   A statement as to whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class;

(iv)    A clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection that you believe applicable;

(v)     The identity of any counsel representing you;

(vi)    A statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel;

(vii)   A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

This Settlement affects your legal rights even if you do nothing.
Questions? Go to www.ACHLoanPaymentLitigation.com or call **000-000-0000.**
Case 1:21-cv-00341-TDS-JEP   Document 71-2   Filed 08/05/22   Page 57 of 70

(viii)  Your signature and the signature of your duly authorized attorney or other duly authorized representative.

(ix)  If the objection is made through an attorney, the written objection must also include: (1) the identity and number of the Settlement Class members represented by objector's counsel; (2) the number of such represented Settlement Class members who have opted out of the Settlement Class; and (3) the number of such represented Settlement Class members who have remained in the Settlement Class and have not objected. If the attorney intends to seek fees and expenses from anyone other than the objector(s) that he or she represents, the attorney shall also file with the Court and serve upon Class Counsel and Defendants' counsel not later than 15 days before the Final Approval Hearing, or as the Court may otherwise direct, a document containing the following: (1) the amount of fees sought by the attorney for representing the objector(s) and the factual and legal justification for the fees being sought; (2) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (3) the number of hours already spent by the attorney, and an estimate of the hours to be spent in the future; and (4) the attorney's hourly rate.

(x)  Objectors must also make themselves available for deposition by counsel for the Parties between the time the objection is filed and a date no later than 10 days before the Final Approval Hearing, and the objection must include the dates when the objector is available for his or her deposition.

## THE FAIRNESS HEARING

### 11. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval and Fairness Hearing on **[insert date - approximately 90 days after entry of Preliminary Approval Order]** at [location].  The purpose of the hearing will be for the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class, and to rule on applications for compensation for Class Counsel and Service Awards for the Class Representatives.  At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed Settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT.  The hearing may be postponed to a later date without notice.

If you have objected to the Settlement and intend to appear at the Final Approval Hearing, either with or without counsel, you must file a notice of appearance with the Court, and serve it on Class Counsel and Defendants' Counsel at the addresses above, by **[75 days after entry of Preliminary Approval Order]**.  If you intend to appear at the Final Approval Hearing through counsel, you also must identify the attorney(s) representing you who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, and email address.

## GET MORE INFORMATION

### 12. How do I get more information about the Settlement?

Additional information and documents, including case documents, are available at www.ACHLoanPaymentLitigation.com [Need new name] or by contacting the Settlement Administrator at 000-000-0000 or write to the Settlement Administrator at CONTACT INFO.

## PLEASE DO **NOT** CALL THE COURT, THE JUDGE, CLASS COUNSEL, THE DEFENDANTS OR THEIR COUNSEL WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.

This Settlement affects your legal rights even if you do nothing.
Questions? Go to www.ACHLoanPaymentLitigation.com or call **000-000-0000.**
Case 1:21-cv-00341-TDS-JEP   Document 71-2   Filed 08/05/22   Page 58 of 70

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No. 1:21-CV-00341-TDS-JEP

| | |
|---|---|
| DAVID DUGAN, *on behalf of himself and all others similarly situated*, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER** |
| NATIONSTAR MORTGAGE LLC, and ACI WORLDWIDE CORP., ) ) ) ) | |
| Defendant. ) ) ) | |

## [PROPOSED] ORDER

This cause came before the Court pursuant to the Unopposed Motion For Preliminary Approval Of Class Action Settlement, Certifying Class For Purposes Of Settlement, Directing Notice To The Class, And Scheduling Fairness Hearing (the "Motion"). Plaintiffs Brett Padalecki, Charita Devereaux, Dawn Keil, David Dugan, Dianne Thompson, Anita Friday, Dwayne Friday, Shuron Miller, LaTreece Jones, and Marlene Dehner (collectively, "Plaintiffs"), Nationstar Mortgage LLC ("Nationstar"), ACI Payments, Inc., ACI Worldwide, Inc., and ACI Worldwide Corp. (collectively, "ACI") (Plaintiffs, Nationstar, and ACI are collectively, "the Parties") have agreed to a Settlement Agreement ("the Settlement" or "Settlement Agreement")[1] resolving this action and other related lawsuits listed in the Settlement Agreement regarding the Automated Clearinghouse ("ACH") activity during the period April 23-26, 2021 as alleged in the lawsuits (the "Incident");

---

[1] Unless otherwise specified, capitalized terms in this Order shall have the meanings as defined in the Settlement Agreement.

WHEREAS, the Settlement Agreement sets forth the terms and conditions of a proposed class action settlement and Plaintiffs have moved, pursuant to Fed. R. Civ. P. 23(e) and 23(g), for an Order seeking preliminary approval of a class action settlement, certifying the Settlement Class, appointing Settlement Class Counsel and Settlement Class Representatives, approving Class Notice, and scheduling a Fairness Hearing ("Motion");

IT IS ORDERED that the Motion is GRANTED, subject to the following terms and conditions:

## **Class Certification for Settlement Purposes Only**

1.      The proposed Settlement Agreement submitted with the Motion is preliminarily approved, pending the notice and formal approval process set forth herein.

2.      Based on the submissions of the Parties, and for purposes of this Settlement only, the Court conditionally makes the following findings:

a.      The members of the Settlement Class defined in the Settlement Agreement are so numerous as to make joinder impracticable, as there are more than 400,000 Settlement Class Members;

b.      There are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members, including (i) whether Defendants posted ACI debits and credits on Settlement Class Members' bank accounts that were in excess of amounts that Settlement Class Members had given Defendants their consent, approval, and authorization to withdraw or deposit, (ii) whether the alleged debit postings constitute conversion of Settlement Class Member's funds, (iii) whether there existed an express or implied contract between Defendants and Settlement Class Members, and whether Defendants breached that contract, and (iv) whether Defendants violated the Electronic Funds Transfer Act;

2

      c.      Plaintiffs' claims are typical of the claims of the Settlement Class Members, as Plaintiffs and Settlement Class Members were all treated in the exact same manner by having ACH amounts posted on their accounts allegedly without authorization, and Plaintiffs' and Settlement Class Members' mortgages were all serviced by Nationstar;

      d.      Plaintiffs and their counsel can fairly and adequately protect, and have to date fairly and adequately protected, the interests of the Settlement Class Members in this action as evidenced by their prosecution of the lawsuits; and

      e.      A class action is superior to other available methods for fairly and efficiently resolving the controversy placed at issue in this action and the related lawsuits considering Settlement Class Members' interests in controlling the prosecution or defense of separate actions, the extent of any litigation concerning the controversy already begun by Settlement Class Members, the desirability of concentrating the litigation in this forum, and the likely difficulties in managing a class action.

3.      Accordingly, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court provisionally certifies the Settlement Class defined as: all Persons throughout the United States whose mortgages were or are serviced by Nationstar, and who were subjected to the Incident. Defendants estimate and represent that there are approximately 480,000 accounts involved, and that the borrowers on these accounts were customers of Nationstar and were affected by the Incident. Excluded from the Settlement Class are (a) all Persons who Opt Out of or otherwise choose not to participate in, the Settlement; (b) any affiliate, parent, or subsidiary of Defendants; (c) any entity in which Defendants have a controlling interest; (d) any officers, directors or employees, or immediate family members of the officers, directors or employees, of Defendants; (e) any successors or assigns of Defendants; (f) any legal counsel or employee of legal

counsel for Defendants; and (g) the presiding Judges in the Litigation, as well as the Judges' staff and their immediate family members.

**Class Counsel and Class Representative**

4. Scott C. Harris of Milberg Coleman Bryson Phillips Grossman, PLLC, Edward H. Maginnis of Maginnis Howard, Norberto J. Cisneros of Maddox & Cisneros LLP, Marc E. Dann of DannLaw, George Haines of Freedom Law Firm, LLC, Michael Kind of Kind Law, Joel R. Rhine of Rhine Law Firm, P.C., and Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C. are appointed to represent the Class (collectively "Class Counsel").

5. Plaintiffs are appointed as the representatives of the Settlement Class.

**Preliminary Approval**

6. The Settlement Agreement is preliminarily approved as describing a settlement that is within the range of settlements that the Court would find to be fair, reasonable and adequate, considering the relative strength of the Plaintiffs' case on the merits, the existence of any difficulties of proof or strong defenses the Plaintiffs are likely to encounter if the case goes to trial, the anticipated duration and expense of additional litigation, and the solvency of Defendants and the likelihood of recovery on a litigated judgment.

7. The Court's preliminary approval is subject to the right of any Settlement Class Member to challenge the Settlement and to show cause, if any exists, why a Final Approval Order and Judgment dismissing this action and the related lawsuits based on the Settlement should not be entered, after due and adequate notice has been provided to the Settlement Class and a Fairness Hearing has been held as otherwise ordered herein.

8. The Court finds that the Settlement Agreement resulted from arm's-length negotiations, extensive investigation, and motion practice, and that the proposed Settlement is sufficiently fair and reasonable so as to warrant notice thereof to the Settlement Class, and to

warrant a hearing concerning the Settlement and the terms set forth in the Settlement Agreement.

### Fairness Hearing

9.      A hearing (the "Fairness Hearing") shall be held before this Court on _____, 2022 at _____, to determine whether (a) the Settlement Class provisionally certified herein in fact satisfies each of the prerequisites for class certification set forth in Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3); (b) the settlement proposal described in the Settlement Agreement is fair, reasonable, and adequate; (c) orders granting final approval of the Settlement, entering final judgment and dismissing Plaintiff's Complaint, as provided in the Settlement, should be entered; and (d) the applications of Class Counsel for the payment of attorneys' fees and expenses and Plaintiffs' Service Awards should be approved.

10.      At the Fairness Hearing, the Court will consider any properly presented objections by Settlement Class Members, and the Parties' responses to any such objections.

### Pre-Hearing Notice

11.      The Court finds that the manner and content of the Class Notice as set forth in the Settlement Agreement and in the Exhibits to the Settlement Agreement will provide the best notice practicable to the Settlement Class under the circumstances.

12.      The Class Notice must commence within 30 days after the entry of this Order.

13.      The Defendants shall provide the notification required under 28 U.S.C. § 1715 to each appropriate Federal Official and to each appropriate State Official.

### Requests for Exclusion from Class

14.      Any Settlement Class Member who wishes to be excluded from the proposed Settlement must send a written Request for Exclusion to the Settlement Administrator, in care of the post office box rented for that purpose, postmarked no later than 75 days after entry of this

Order.

15.    Requests for Exclusion must contain the following:

    a.    the Settlement Class Member's name, address and telephone number;

    b.    a statement by the Settlement Class Member that he/she wants to be excluded from the Settlement;

    c.    the name and docket number of this action; and

    d.    the Settlement Class Member's original signature.

16.    Persons who purport to opt-out of the Settlement as a group, aggregate, or class will not be considered to have validly opted out.

17.    Any Settlement Class Member who does not send a timely written Request for Exclusion meeting the conditions described in the foregoing paragraphs shall be bound by the final Settlement and by all subsequent proceedings, orders and judgments in this action, even if such person has pending or subsequently initiates litigation or other proceedings against any Released Persons relating to matters or the claims released in this action.

**<u>Objections to Settlement</u>**

18.    Any Settlement Class Member who does not file a timely written Request for Exclusion may object to the fairness, reasonableness, or adequacy of the Settlement.

19.    Settlement Class Members may not seek to exclude themselves from the Settlement <u>and</u> file an objection to the proposed Settlement.

20.    Any Settlement Class Member who wishes to object to any aspect of the Settlement must deliver to Class Counsel and Defendants' counsel, and file with the Court, no later than 75 days after entry of this Order, a written statement of his/her objection(s).

21.     Written objections must include: (i) the objector's full name, address, telephone number, and email address (if any); (ii) the name of this action and the case number; (iii) a statement of each objection; (iv) proof that the objector is a member of the Settlement Class; (v) dates on which the objector is available to give a deposition; and (vi) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

22.     Settlement Class Members may raise an objection either on their own or through an attorney hired at their own expense.

23.     If the objection is made through an attorney, the written objection must also include: (1) the identity and number of the Settlement Class Members represented by objector's counsel; (2) the number of such represented Settlement Class Members who have opted out of the Settlement Class; and (3) the number of such represented Settlement Class Members who have remained in the Settlement Class and have not objected.

24.     If the attorney intends to seek fees and expenses from anyone other than the objector(s) that he or she represents, the attorney shall also file with the Court and serve on Class Counsel and Defendants' counsel not later than 15 days before the Fairness Hearing a document containing the following: (1) the amount of fees sought by the attorney for representing the objector(s) and the factual and legal justification for the fees being sought; (2) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (3) the number of hours already spent by the attorney, and an estimate of the hours to be spent in the future; and (4) the attorney's hourly rate.

25.     By filing an objection, objectors and their counsel submit to the jurisdiction of the

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

Court for all purposes relating to this matter, including but not limited to subpoenas, discovery, and the posting of a bond, if any.

26.    Objectors must make themselves available for deposition by Class Counsel and Defendants' counsel between the time the objection is filed and a date no later than 10 days before the Fairness Hearing.

27.    Any objector or objector's attorney who intends to make an appearance at the Fairness Hearing must deliver to Class Counsel and Defendants' counsel and have file-marked by the Court, no later than 75 days after entry of this Order, a Notice of Intent to Appear. The Notice of Intent to Appear must: (1) state how much time the Settlement Class Member anticipates needing to present the objection; (2) identify, by name, address, and telephone number, all witnesses the Settlement Class Member proposes to have testify; (3) summarize in detail the anticipated testimony of all such witnesses; (4) identify all exhibits the Settlement Class Member intends to offer in support of the objection; and (5) attach complete copies of all such exhibits.

28.    Any Settlement Class Member who fails to comply with the provisions of the Settlement Agreement concerning objections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the Settlement, including the release of the Released Persons, and by all proceedings, orders and judgments in this action and the related lawsuits.

<strong><u>Retention of Settlement Administrator</u></strong>

29.    The Court authorizes Angeion Group to administer certain aspects of the Settlement, including providing notice to the Settlement Class; establishing and maintaining the settlement website; receiving and maintaining correspondence regarding Requests for Exclusion, intervention and objections to the Settlement; responding to inquiries from Settlement Class Members received through the settlement website, or by first-class mail or by telephone; and

8

assisting Defendants' counsel and Class Counsel with other aspects of the Settlement as necessary and directed by counsel.

30.     Angeion Group will also serve as the Settlement Administrator.

31.     The Settlement Administrator shall perform the following duties: (a) prepare the Notice Program; (b) disseminate the Class Notice; (c) process Claim Forms and Requests for Exclusion; (d) receive and serve on Class Counsel, Defendants' counsel, and the Court any written objections and Requests for Exclusion; (e) determine the amounts of the Awards due to eligible Settlement Class Members in accord with the terms and procedures set forth herein and the Settlement Agreement; (f) report, in summary or narrative form, to Class Counsel and Defendants' counsel regarding the completion of the tasks identified in this paragraph; (g) issue other reports and provide any and all files, documents, and data related to the Settlement Agreement, upon request, to Defendants' counsel, or Class Counsel; (h) carry out other related tasks in accordance with the terms of the Settlement Agreement; and (i) agree to employ their best efforts to faithfully and fully perform any and all obligations and duties imposed on the Settlement Administrator pursuant to the Settlement Agreement and its exhibits and amendments (if any).  The Settlement Administrator shall be compensated in the manner set forth in the Settlement Agreement.

### Effect of Final Approval

32.     If the Settlement proposed by the Parties is finally approved, the Court shall enter a separate order approving the Settlement, entering judgment and dismissing, with prejudice, this action.

33.     Such order and judgment shall be fully binding with respect to all Settlement Class Members and shall release each and every Defendant and the Released Persons, as defined in the Settlement Agreement, from any and all claims or causes of action that are based on, arise from or

9

are related to, directly or indirectly, the Released Claims, as defined in the Settlement Agreement.

34.     If final approval is not granted, the Settlement is null and void, and the Parties will revert to their positions as of May 23, 2022, without prejudice to their rights, claims, or defenses.

## **Schedule**

35.     The following deadlines shall apply unless modified by further order of the Court:

a.     The Postcard Notice in the form of Exhibit B to the Settlement Agreement shall be sent to Settlement Class Members via first class mail, as provided in the Settlement, starting within 30 days after entry of this Order, on or before _____, 2022.

b.     The Long Notice shall be made available through the settlement website no later than the date the Postcard Notice is mailed.

c.     Any objections to the Settlement shall be submitted on or before _____, 2022 (no later than 75 days after entry of this Order).

d.     Any Notices of Intent to Appear at the Fairness Hearing shall be filed and served on or before _____, 2022 (no later than 75 days after entry of this Order).

e.     Any Requests for Exclusion from the Settlement shall be postmarked no later than _____, 2022 (no later than 75 days after entry of this Order).

g.     The Fairness Hearing shall be held at _____ on _____, 2022 in Courtroom No. ____ of the United States District Court for the Middle District of North Carolina (at least 90 days from this Order).

h.     Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses and request for Service Awards to the Plaintiffs no later than _____, 2022 (14 days prior to the Objection and Opt Out Date). This petition may be supplemented prior to the Fairness Hearing.

i.     The parties shall file and serve papers in support of final approval of the

10

DocuSign Envelope ID: A1A1C7BD-6908-4E22-8310-0244B57C1CB7

Settlement, including any responses to proper and timely objections filed thereto, by

_____, 2022 (14 days prior to the Fairness Hearing).

       j.       The deadline for any Settlement Class Member to submit a Claim Form will

be _____, 2023 (274 days after entry of this Order).

DATED: _____           SO ORDERED:

 

                                        _____

                                      United States District Court Judge