IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID DUGAN, on behalf of )
himself and all others )
similarly situated, )
)
Plaintiff, )
)
v. ) 1:21-CV-00341
)
NATIONSTAR MORTGAGE, LLC, and )
ACI WORLDWIDE CORP., )
)
Defendant. )

### ORDER
### on Class Action Certification and Preliminary Approval of Settlement

This is a putative class action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50, et seq. Plaintiff David Dugan, on behalf of himself and all others similarly situated, contends that Defendants Nationstar Mortgage, LLC and ACI Worldwide Corporation "participated in unauthorized debits of mortgage payments from borrower bank accounts; withdrawing multiple months of payments from their customers without notice." (Doc. 21 ¶ 2.)

Before the court is Plaintiff's unopposed motion for class certification and preliminary approval of settlement, which contains several requests to which Defendants do not object. (Doc. 70.) This Order incorporates by reference the definitions set forth in the motion for preliminary approval and the proposed

settlement agreement and release (the "Agreement"). (Doc. 71-2.) The court has considered the motion, proposed Agreement, and the entire record of the case. For the reasons that follow, the unopposed motion will be granted, and

The court FINDS and HEREBY ORDERS that:

1. The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2) and jurisdiction over all settling parties.

2. The court preliminarily finds that this action satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

> a. The Settlement Class Members, of which there are approximately 480,000, are so numerous that joinder of all of them in this lawsuit is impracticable;
>
> b. There are questions of law and fact common to the Class Members, which predominate over any individual questions, including (i) whether Defendants posted ACI debits and credits on Settlement Class Members' bank accounts that were in excess of amounts for which Settlement Class Members had given Defendants their consent, approval, and authorization to withdraw or deposit, (ii) whether the alleged debit postings constitute conversion of Settlement Class Member's funds, (iii) whether there existed an express or implied

2

contract between Defendants and Settlement Class Members, and whether Defendants breached that contract, and (iv) whether Defendants violated the Electronic Funds Transfer Act;

c. The claims of Plaintiffs are typical of the claims of the Settlement Class Members;

d. Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and

e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), this action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of Plaintiffs (the "Settlement Class Members") with respect to the claims asserted in this lawsuit:

> **All Persons throughout the United States whose mortgages were or are serviced by Nationstar, and who were subjected to the Incident; namely, alleged unauthorized Automated Clearinghouse ("ACH") activity by Defendants during April 23-26, 2021.**

4. The parties represent that within twenty-one days of signing the Agreement, the Defendants provided the Settlement

Administrator with the Class List.  (Doc. 71-2 at 22.)

5.    Pursuant to Federal Rule of Civil Procedure 23, the court appoints the following as Class Representatives: Marlene Dehner, Charita Devereaux, David Dugan, Anita Friday, Dwayne Friday, LaTreece Jones, Dawn Keil, Shuron Miller, Brett Padalecki, and Dianne Thompson.  (See Doc. 71-2 at 9.)

6.    Pursuant to Federal Rule of Civil Procedure 23(g), the court appoints the following lawyers as Class Counsel:  Scott C. Harris of Milberg Coleman Bryson Phillips Grossman, PLLC; Edward H. Maginnis of Maginnis Howard; Norberto J. Cisneros of Maddox & Cisneros LLP; Marc E. Dann of DannLaw; George Haines of Freedom Law Firm, LLC; Michael Kind of Kind Law; Joel R. Rhine of Rhine Law Firm, P.C.; and Thomas A. Zimmerman, Jr., of Zimmerman Law Offices, P.C.  (Doc. 71-2 at 63.)

7.    The court preliminarily finds that the settlement of these lawsuits, on the terms and conditions set forth in the Agreement, appears fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the following:  the benefits of the Settlement Class Members; the strength and weaknesses on the merits of the Plaintiffs' case; the stage of the proceedings; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in appeals; and the opinion of counsel.  Further, it appears that the proposed Agreement was the product of good-

4

faith bargaining during extensive, arm's-length negotiations between experienced counsel. (See Doc. 71-2 at 2-3).

8. The court approves Angeion Group as Settlement Administrator to administer the Settlement, including providing notice to the Settlement Class; establishing and maintaining the settlement website; receiving and maintaining correspondence regarding Requests for Exclusion, intervention and objections to the Settlement; responding to inquiries from Settlement Class Members received through the settlement website, or by first-class mail or by telephone; and assisting Defendants' counsel and Class Counsel with other aspects of the Settlement as necessary and directed by counsel. Settlement Administrator shall: (a) prepare the Notice Program; (b) disseminate the Class Notice; (c) process Claim Forms and Requests for Exclusion; (d) receive and serve on Class Counsel, Defendants' counsel, and the Court any written objections and Requests for Exclusion; (e) determine the amounts of the Awards due to eligible Settlement Class Members in accord with the terms and procedures set forth herein and the Agreement; (f) report, in summary or narrative form, to Settlement Class Counsel and Defendants' counsel regarding the completion of the tasks identified in this paragraph; (g) issue other reports and provide any and all files, documents, and data related to the Agreement, upon request, to Defendants' counsel, or Settlement Class Counsel; (h) carry out other related tasks in accordance

5

with the terms of the Agreement; and (i) agree to employ their best efforts to faithfully and fully perform any and all obligations and duties imposed on the Settlement Administrator pursuant to the Agreement and its exhibits and amendments (if any). The Settlement Administrator shall be compensated in the manner set forth in the Agreement.

9. The court approves the form and substance of the Notices and the Claim Form and Release that were amended and re-submitted by the parties as Exhibit A (Doc. 74-1), Exhibit B (Doc. 74-2), and Exhibit C (Doc. 74-3).

10. The proposed Notice and method for notifying the Settlement Class Members of the settlement and the terms and conditions of the Agreement meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, meet the standards for notices of class actions, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the Notice. The court finds that the Notices, including the postcard (Doc. 74-2) and the long form notice (Doc. 74-3), are clearly designed to advise the Settlement Class Members of their rights.

11. In accordance with the Agreement, the Settlement Administrator will send the postcard notice, in the form of Exhibit B, via First Class U.S. Mail, postage pre-paid, to Settlement Class Members as expeditiously as possible, but in no event later than

6

thirty days after the date of this Order. (Doc. 71-2 at 23.) Within twenty days after sending the postcard notice, the Settlement Administrator will take reasonable efforts to confirm the address and resend Notices for Settlement Class Members for which the Settlement Administrator receives returned mail as undelivered. (Id.)

12. Pursuant to the Agreement, the Settlement Administrator will establish a dedicated settlement website (the "Website") within thirty days of entry of this Order. (Doc. 71-2 at 23.)[1] The Website will include the Agreement, this Order, a long form notice, and the Claim Form. (Id.) The Website will have a downloadable Claim Form and a mechanism by which the Claim Form can be completed electronically on the Website. (Id.) The Settlement Administrator will ensure that the Website includes a toll-free number with interactive voice response, FAQs, and an option to speak to a live operator to answer inquiries. (Id.) The long form notice shall be made available through the settlement website no later than the date the postcard notice is mailed. (Id. at 69.)

13. Pursuant to the Agreement and 28 U.S.C. § 1715, the parties represent that no later than ten days after the Agreement

---

[1] The parties have agreed that the Website will be named www.ACHLoanPaymentLitigation.com. However, if that name is unavailable, the website name will be similar and in no event contain the terms "Nationstar" or "Mr. Cooper." (Doc. 71-2 at 23.)

7

was filed with the court the Defendants served notice of the proposed settlement with the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United States, and other required government officials as required by law.

14. While the Agreement provides that the postcard notice, long form notice, and Claim Form approved by the Court may be adjusted by the Settlement Administrator, respectively, in consultation and agreement with the parties, as may be reasonable and necessary and not inconsistent with such approval, any substantive change must be presented to the court for approval. (Doc. 71-2 at 24.)

### Requests for Exclusion

15. Any Settlement Class Member who desires to be excluded from the Settlement Class must individually sign and timely mail a written Request for Exclusion, postmarked no later than seventy-five days after the date of entry of the Preliminary Approval Order (the "Opt Out Date"), to the address designated by the Settlement Administrator. (Doc. 71-2 at 24.) The written Request for Exclusion must include (a) the caption of the lawsuit *Dugan v. Nationstar Mortgage LLC, M.D.NC., Case No. 1:21-cv-341*; (b) the Settlement Class Member's full name, address, and telephone number; (c) the Settlement Class Member's personal and original signature or the original signature of a person authorized by law

to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the litigation, such as a trustee, guardian, or person acting under power of attorney; and (d) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. (Id. at 11-12.) Any Settlement Class Member who timely submits a valid written exclusion notice shall not participate in, or be bound by, the Settlement or Judgment in any respect. (Id.)

16. Persons who purport to opt-out of the Settlement as a group, aggregate, or class will not be considered to have validly opted out.

17. Any Class Member who does not send a timely written Request for Exclusion meeting the conditions described in the foregoing paragraphs shall be bound by the final Settlement and by all subsequent proceedings, orders and judgments in this action, even if such person has pending or subsequently initiates litigation or other proceedings against any Released Persons relating to matters or the claims released in this action.

18. Any Settlement Class Member who does not file a timely Request for Exclusion may file a notice of intent to object to the Settlement. However, Settlement Class Members may not seek to exclude themselves from the Settlement and file an objection to the proposed Settlement.

9

**Objections**

19.  Any Class Member who wishes to object to any aspect of the Settlement must deliver to Class Counsel and Defendants' counsel, and file with the court, no later than 75 days after entry of this Order, a written statement of his/her objection(s). Written objections must include: (i) the objector's full name, address, telephone number, and email address (if any); (ii) the name of this action and the case number; (iii) a statement of each objection; (iv) proof that the objector is a member of the Settlement Class; (v) dates on which the objector is available to give a deposition, in case the parties wish to do so; and (vi) a written summary detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the court's attention and any evidence the objector wishes to introduce in support of the objection.  (Doc. 71-2 at 25-26.) The objection must be signed by the objector or person legally authorized to sign on the objector's behalf.

20.  Settlement Class Members may raise an objection either on their own or through an attorney hired at their own expense. If the objection is made through an attorney, the written objection must also include: (1) the identity and number of the Settlement Class Members represented by objector's counsel; (2) the number of such represented Settlement Class Members who have opted out of the Settlement Class; and (3) the number of such represented

Settlement Class Members who have remained in the Settlement Class and have not objected. If the attorney intends to seek fees and expenses from anyone other than the objector(s) that he or she represents, the attorney shall also file with the court and serve on Class Counsel and Defendants' counsel not later than 15 days before the Fairness Hearing a document containing the following: (1) the amount of fees sought by the attorney for representing the objector(s) and the factual and legal justification for the fees being sought; (2) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (3) the number of hours already spent by the attorney, and an estimate of the hours to be spent in the future; and (4) the attorney's hourly rate. (Doc. 71-2 at 26.)

21. By filing an objection, objectors and their counsel submit to the jurisdiction of the court for all purposes relating to this matter including, but not limited to, subpoenas, discovery, and the posting of a bond, if any. (Doc. 71-1 at 67.)

22. Objectors must make themselves available for deposition by Settlement Class Counsel and Defendants' counsel between the time the objection is filed and a date no later than 10 days before the Fairness Hearing, should the parties wish to conduct such depositions. (Doc. 71-2 at 67.)

23. Any objector or objector's attorney who intends to make an appearance at the Fairness Hearing must deliver to Settlement

11

Class Counsel and Defendants' counsel and have file-marked by the court, no later than 75 days after entry of this Order, a Notice of Intent to Appear.  The Notice of Intent to Appear must: (1) state how much time the Settlement Class Member anticipates needing to present the objection; (2) identify, by name, address, and telephone number, all witnesses the Settlement Class Member proposes to have testify; (3) summarize in reasonable detail the anticipated testimony of all such witnesses; (4) identify all exhibits the Settlement Class Member intends to offer in support of the objection; and (5) attach complete copies of all such exhibits.  (Doc. 71-2 at 26-27.)

24.  Any Settlement Class Member who fails to comply with the provisions of this Order and the Agreement concerning objections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the Settlement, including the release of the Released Persons, and by all proceedings, orders and judgments in this action and the related lawsuits.

25.  Prior to the Fairness Hearing, counsel for the parties shall file with the court an appropriate declaration from the Settlement Administrator demonstrating compliance with the Notice program approved by the court. (Doc. 71-2 at 24.)  Within fourteen days after the Opt Out Date and Objection Deadline, the Settlement Administrator will provide the parties' counsel with a declaration

attesting to the Notice provided and the number of Opt Outs and Objections received. (Id.)

26. The court will conduct a Fairness Hearing on **May 31, 2023**, in Courtroom 1 at the Hiram H. Ward Federal Building and U.S. Courthouse, 251 N. Main Street, Winston Salem, NC 27101, to review and make a final ruling upon the following issues:

a. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Federal Rule of Civil Procedure 23;

b. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the court;

c. Whether a Final Order and Judgment, as provided under the Agreement, should be entered, dismissing this lawsuit with prejudice and releasing the Released Parties; and,

d. To discuss and review other issues as the court deems appropriate.

27. If the settlement proposed by the parties is finally approved, the court shall enter a separate order approving the settlement, entering judgment, and dismissing this action with prejudice. Such order and judgment shall be fully binding with respect to all Settlement Class Members and shall release each and every Defendant and the Released Persons, as defined in the Agreement, from any and all claims or causes of action that are

based on, arise from or are related to, directly or indirectly, the Released Claims, as defined in the Agreement. If final approval is not granted, the settlement is null and void, and the parties will revert to their positions as of May 23, 2022, without prejudice to their rights, claims, or defenses.

28. In conformance with this Order of preliminary approval and the Agreement, the court enters the following schedule:

    a. The postcard notice in the form approved shall be sent to Settlement Class Members via first class mail, as provided in the Settlement, within 30 days after entry of this Order, on or before **March 15, 2023**.

    b. The long notice shall be made available through the settlement website no later than the date the postcard notice is mailed.

    c. Any objections to the Settlement shall be submitted on or before **April 29, 2023**.

    d. Any Notices of Intent to Appear at the Fairness Hearing shall be filed and served on or before **April 29, 2023**.

    e. Any Requests for Exclusion from the Settlement shall be postmarked no later than **April 29, 2023**.

    f. The Fairness Hearing shall be held on **May 31, 2023**, at 10:00 a.m., in Courtroom 1 at the Hiram H. Ward Federal Building and U.S. Courthouse, 251 N. Main Street, Winston Salem, NC 27101.

g. Class Counsel shall file with this court their petition for an award of attorneys' fees and reimbursement of expenses and request for Service Awards to the Plaintiffs no later than **April 14, 2023**. This petition may be supplemented prior to the Fairness Hearing.

h. The parties shall file and serve papers in support of final approval of the Settlement, including any responses to proper and timely objections filed thereto, by **May 17, 2023**.

/s/   Thomas D. Schroeder
United States District Judge

February 13, 2023