UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID DUGAN, *on behalf of himself and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:21-CV-00341 ) |
| NATIONSTAR MORTGAGE LLC and ACI WORLDWIDE, CORP., | ) ) ) |
| Defendants. | ) ) ) |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL PPROVAL

This is a putative class action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50, et seq. Plaintiff David Dugan, on behalf of himself and all others similarly situated, contends that Defendants Nationstar Mortgage, LLC and ACI Worldwide Corporation "participated in unauthorized debits of mortgage payments from borrower bank accounts; withdrawing multiple months of payments from their customers without notice." (Doc. 21 ¶ 2.)

Before the court is Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (Doc. ___), and Plaintiff's Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards for the Class Representatives (Doc. 78) (together, the "Motions"), which contain several requests to which Defendants do not object. This Order incorporates by reference the definitions set forth in the motion for final approval and the proposed settlement agreement and release (the "Agreement"). (Doc. 71-2.) The court

has considered the Motions, proposed Agreement, and the entire record of the case. For the reasons that follow, the unopposed Motions will be granted, and

The court FINDS and HEREBY ORDERS that:

1. The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2) and jurisdiction over all settling parties.

2. In an Order dated February 13, 2023, the court preliminarily approved the Agreement, the proposed Notice Program, and the Settlement Class. (Doc. 77.) The court affirms its preliminary findings that this action satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23 (See Doc. 77 ¶ 2), namely:

   a. The Settlement Class Members, of which there are approximately 480,000, are so numerous that joinder of all of them in this lawsuit is impracticable;

   b. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions, including (i) whether Defendants posted ACH debits and credits on Settlement Class Members' bank accounts that were in excess of amounts for which Settlement Class Members had given Defendants their consent, approval, and authorization to withdraw or deposit, (ii) whether the alleged debit postings constitute conversion of Settlement Class Members' funds, (iii) whether there existed an express or implied contract between Defendants and Settlement Class Members, and whether Defendants breached that contract, and (iv) whether Defendants violated the
2

Electronic Funds Transfer Act;

c.     The claims of Plaintiffs are typical of the claims of the Settlement Class Members;

d.     Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and

e.     Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

3.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), this action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class of Plaintiffs (the "Settlement Class Members") with respect to the claims asserted in this lawsuit:

> **All Persons throughout the United States whose mortgages were or are serviced by Nationstar, and who were subjected to the Incident; namely, alleged unauthorized Automated Clearinghouse ("ACH") activity by Defendants during April 23-26, 2021.**
>
> Excluded from the Settlement Class are: (a) all Persons who Opt Out of or otherwise choose not to participate in, the Settlement; (b) any affiliate, parent, or subsidiary of Defendants; (c) any entity in which Defendants have a controlling interest; (d) any officers, directors, or employees, or immediate family members of the officers, directors or employees, of Defendants; (e) any successors or assigns of Defendants; (f) any legal counsel or employee of legal counsel for Defendants; and (g) the presiding Judges in the Litigation, as well as the Judges' staff and their immediate family members.

4.     Pursuant to Federal Rule of Civil Procedure 23, the court affirms its appointment of the following as Class Representatives: Marlene Dehner, Charita Devereaux, David Dugan, Anita Friday, Dwayne Friday, LaTreece Jones, Dawn

Keil, Shuron Miller, Brett Padalecki, and Dianne Thompson. (See Doc. 77 ¶ 5.)

5. Pursuant to Federal Rule of Civil Procedure 23(g), the court affirms its appointment of the following lawyers as Class Counsel: Scott C. Harris of Milberg Coleman Bryson Phillips Grossman, PLLC; Edward H. Maginnis of Maginnis Howard; Norberto J. Cisneros of Maddox & Cisneros LLP; Marc E. Dann of DannLaw; George Haines of Freedom Law Firm, LLC; Michael Kind of Kind Law; Joel R. Rhine of Rhine Law Firm, P.C.; and Thomas A. Zimmerman, Jr., of Zimmerman Law Offices, P.C. (See Doc. 77 ¶ 6.)

6. The court affirms its preliminary findings (See Doc. 77 ¶ 7.) that the settlement of these lawsuits, on the terms and conditions set forth in the Agreement, appears fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the following: the benefits of the Settlement Class Members; the strength and weaknesses on the merits of the Plaintiff's case; the stage of the proceedings; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in appeals; and the opinion of counsel. Further, it appears that the proposed Agreement was the product of good- faith bargaining during extensive, arm's-length negotiations between experienced counsel.

7. After having reviewed the Declaration of Navid Zivari, project manager with Angeion Group, LLC—the Settlement Administrator that was responsible for carrying out the Notice Program—the court finds that the Settlement Class has been notified of the Settlement pursuant to the Notice Program approved by the court in the preliminary

approval order (Doc. 77 ¶¶ 9, 11, 12). Notice was accomplished in accordance with the court's directive.

8.  The court finds that the form and manner of distributing the Class Notice set forth in the Notice Program (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Final Approval Hearing, and of their right to seek relief; (iii) explained in plain language the action's nature, the issues, class claims, and defenses, that a Settlement Class Member may appear through an attorney, a Settlement Class Member's deadlines and manner for objecting or requesting exclusion, and the binding effect of a judgment; (iv) informed Settlement Class Members how to file a claim and the respective deadlines for filing a claim; (v) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (vi) complies in all respects with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process.

9.  No Settlement Class Member objected to the Settlement. No Settlement Class Member objected to either the proposed award of attorneys' fees and expenses to Class Counsel or the proposed Service Awards to the Plaintiffs.

10. Five Settlement Class Members identified in the Declaration of Navid Zivari—i.e., Jason Davis, Amy Keltner, Dorothy Traylor, Joseph Knoblauch, and the Estate of Sandra Draper c/o Kendra Roberts—have timely and validly requested exclusion from the Settlement and are hereby excluded from the Settlement, and they shall not

5

participate in, or be bound by, the Settlement or Judgment in any respect. All other Settlement Class Members shall be bound by all the terms of the Settlement, including the release of the Released Persons, and by all proceedings, orders and Judgments in this action.

11. After having reviewed the Declaration of Navid Zivari, the court finds that, within ten days after the Agreement was filed with the court, notice of the proposed Settlement was served on the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United States, and other required government officials as required by law, pursuant to the Agreement and 28 U.S.C. § 1715.

12. Attorneys' fees in the amount of $3,516,666.67—i.e., one-third of the $10,550,000 aggregate Settlement value—are fair, reasonable, and adequate, are consistent with Fourth Circuit precedent, and shall be awarded to Class Counsel to be paid in the manner described in the Agreement.

13. In approving the requested attorneys' fees, the court has considered the factors listed in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), including (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the clients or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case within

the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorneys and clients; and (12) attorneys' fees awards in similar cases. All of these factors either support the attorneys' fees requested here or are neutral.

14. The requested attorneys' fees are also supported by a lodestar crosscheck analysis. Class Counsel have provided declarations specifying that they have spent a combined total of more than 2,533 hours prosecuting the Litigation, having a value in excess of $1,333,934.00. The court finds that Class Counsel's time and hourly rates are reasonable. Class Counsel's efforts in advancing the Litigation ultimately led to the Settlement, and all of these efforts have been to the benefit of the Settlement Class Members.

15. Courts in the Fourth Circuit (and numerous courts in other jurisdictions) typically consider lodestar multipliers between 3 and 4 as the "middle" within the range of reasonable fees. See *Jones v. Dominion Res. Servs.*, 601 F. Supp. 2d 756, 766 (S.D. W. Va. 2009); *Nieman v. Duke Energy Corp.*, 2015 U.S. Dist. LEXIS 148260, at *3-5 (W.D.N.C. 2015). Here, Class Counsel's requested attorneys' fee represents a 2.6 multiplier of their lodestar. Accordingly, the court finds the request for attorneys' fees to be fair, adequate, and reasonable under a lodestar crosscheck analysis.

16. Class Counsel have provided declarations specifying that they have incurred $18,483.71 in expenses in prosecuting the Litigation. These expenses are fair and reasonable, were necessarily incurred on behalf of the Settlement Class, and shall be awarded to Class Counsel, to be paid in the manner described in the Agreement.

17. The Class Representatives' request for Service Awards are fair and

7

reasonable, commensurate with Plaintiffs' efforts in the Litigation, and are well within the scope of awards customarily awarded in the Fourth Circuit. See *In re Wachovia Corp. ERISA Litig.*, 3:09CV262, 2011 WL 5037183, at *7 (W.D.N.C. Oct. 24, 2011). The requested Service Awards are hereby granted, and shall be awarded to each Class Representative in the amount of $2,500, to be paid in the manner described in the Agreement.

18. The court approves the proposed recipient of any *cy pres* award. If there is any balance remaining in Settlement Fund A ninety days after the Settlement Administrator completes the process for stopping payment on any Award checks that remain uncashed, these funds shall be distributed to the following *cy pres* recipient: United Way Worldwide. The funds distributed pursuant to the *cy pres* provision set forth in this paragraph shall not be considered unclaimed property under the laws of any state.

19. The Settlement is finally approved, and the Parties are directed to consummate the Settlement in accordance with its terms. The Settlement Administrator is hereby authorized to complete the distribution of benefits pursuant to the terms of the Agreement, and the Settlement Administrator shall be compensated in the manner set forth in the Agreement.

20. The court authorizes the Parties, without further approval from the court, to agree to and adopt such amendments, modifications, and expansions of the Agreement as shall be consistent in all material respects with this order and not limit the rights of the Parties or Settlement Class Members; and containing such other and further provisions consistent with the terms of the Agreement to which the Parties expressly consent in

writing.

21. The Clerk of Court is directed to enter Judgment dismissing this action with prejudice. This order and Judgment shall be fully binding with respect to all Settlement Class Members and, with the exception of the five Settlement Class Members who requested to be excluded from the Settlement, shall release each and every Defendant and the Released Persons, as defined in the Agreement, from any and all claims or causes of action that are based on, arise from or are related to, directly or indirectly, the Released Claims, as defined in the Agreement.

22. This action is dismissed with prejudice, and without fees or costs except as otherwise provided for in the Agreement and this order. Without affecting the finality of this order and Judgment, the court reserves exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Agreement.

United States District Judge

May 31, 2023